Filed 12/8/15  P. v. Moore CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROOSEVELT MOORE,<br><br>    Defendant and Appellant. | B260667<br><br>(Los Angeles County<br>Super. Ct. No. NA007617) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Richard R. Romero, Judge.  Affirmed.

David H. Goodwin, under appointment by the Court of Appeal, for Defendant and Appellant.

Lance Winters, Senior Assistant Attorney General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant, Roosevelt Moore, appeals from a resentencing following a grant of a federal habeas corpus petition. Defendant was convicted of: nine counts of forcible rape under Penal Code section 261, subdivision (a)(2)[1]; seven counts of forcible oral copulation under section 288a, subdivision (c); two counts of attempted second degree robbery under sections 664 and 211; two counts second degree robbery under section 211; two counts of kidnapping with intent to commit a sex offense under sections 207 and 667.8, subdivision (a); one count of sexual penetration with a foreign object under section 289; and one count of unlawful driving of a vehicle under Vehicle Code section 10851. In addition, firearm use findings were returned pursuant to sections 12022.3, subdivision (a) and 12022.5, subdivision (a). Defendant received a sentence of 254 years, 4 months in state prison. Defendant was 16 years old at the time he committed his crimes.

On May 17, 2010, the United States Supreme Court issued its opinion in *Graham v. Florida* (2010) 560 U.S. 48, 74-75 (*Graham*). Defendant filed habeas corpus petitions in state and district courts, citing *Graham*. All were denied. The United States Court of Appeal for the Ninth Circuit reversed the district court's denial of defendant's federal habeas corpus petition. (*Moore v. Biter* (9th Cir. 2013) 725 F.3d 1184, 1186-1194.) The district court then granted defendant's habeas petition and ordered that he be resentenced in the trial court consistent with *Graham*.

On October 24, 2014, defendant was resentenced. Defendant received the same sentence of 254 years, 4 months in state prison. But to comply with *Graham*, the trial court ordered the Department of Corrections and Rehabilitation to provide defendant a full and meaningful parole hearing on his sixty-second birthday. We affirm the judgment.

---

[1]     Further statutory references are to the Penal Code unless otherwise stated.

## II. BACKGROUND

We discussed the facts underlying defendant's criminal convictions in defendant's appeal from the 1992 judgment. (*People v. Moore* (May 27, 1993, B065363) [nonpub. opn.].) We briefly summarize the facts here. Defendant separately victimized four women over a five-week period. (*Id.* at p. 2.) At approximately 6 p.m. on February 1, 1991, Leslie H. was walking home when defendant approached her with a gun. (*Id.* at p. 3.) He ordered her to walk into a nearby alley. (*Ibid.*) While continually threatening to shoot her, defendant raped her three times, sodomized her and twice forced her to orally copulate him. (*Ibid.*) He asked her if she had any money and ordered her to empty her pockets when she stated she did not. (*Ibid.*) Defendant then told her to leave. (*Ibid.*)

On March 4, 1991, at approximately 1:30 p.m., Therese M. was inspecting a house in Long Beach. (*People v. Moore*, *supra*, B065363, at p. 4.) As she stood in the doorway, defendant approached her, pulled out a gun, and ordered her into the house. (*Ibid.*) He pushed her into the bathroom and ordered her to undress. (*Ibid.*) Defendant raped her four times and forced her to orally copulate him five times. (*Ibid.*) Defendant asked her for money and she stated she did not have any. (*Ibid.*) He wanted her to go to the bank and withdraw money from an automatic teller machine. (*Ibid.*) She stated she would give defendant her card but she would not go with him. (*Ibid.*) He then left the room. (*Ibid.*) She then shut the door and started to yell and defendant fled. (*Ibid.*)

On March 5, 1991, at approximately 8 p.m., Nancy W. was standing in an alley behind her garage. (*People v. Moore*, *supra*, B065363, at p. 5.) Defendant drove up, pointed a gun at her and ordered her into the car. (*Ibid.*) He warned her that if she made any noise he would blow her head off. (*Ibid.*) Defendant demanded more money from her. (*Ibid.*) She offered to go to the automatic teller machine with him. (*Ibid.*) Defendant drove her to another alley and forced her to orally copulate him. (*Id.* at pp. 5-6.) Nancy W. at one point rolled out of the car and ran away, abandoning her purse, earrings and groceries. (*Id.* at p. 6.)

3

On March 7, 1991, at approximately 6:30 p.m., Patricia S. was walking from her car to her apartment when defendant approached her and pointed a gun at her. (*People v. Moore*, *supra*, B065363, at p. 6.) He ordered her to take him to her apartment. (*Ibid.*) Defendant warned her that if she said anything he would kill her. (*Ibid.*) He took $39 from her. (*Ibid.*) Defendant ordered her to undress. He then ordered her to orally copulate him two times, penetrated her vagina with a foreign object and raped her twice. (*Ibid.*) Defendant returned some of the money and asked if she would go on another "date" with him. (*Ibid.*) He later left the apartment. (*Id.* at p. 7.)

Following a jury trial, defendant was convicted as we have noted. We affirmed the judgment and defendant's sentence of 254 years, 4 months in state prison. (*Id.* at p. 15.) On May 17, 2010, the United States Supreme Court filed its opinion in *Graham*. In *Graham*, the high court held states could not impose a life without parole sentence on juvenile offenders who did not commit a homicide. (*Graham, supra,* 560 U.S. at p. 82.) On September 2, 2010, defendant filed a habeas corpus petition in the trial court asserting his sentence was unlawful. The trial court denied defendant's habeas corpus petition. We also denied defendant's habeas corpus petition. (*In re Moore* (Jan. 24, 2011, B227096) [nonpub. opn.].) Defendant subsequently filed a federal habeas petition which, as noted, the federal district court denied. (*Moore v. Biter, supra,* 725 F.3d at p. 1186.)

On August 7, 2013, the United States Court of Appeals for the Ninth Circuit issued a published opinion reversing the district court's order denying defendant's habeas corpus petition. (*Moore v. Biter, supra,* 725 F.3d at p. 1186.) Citing *Graham*, the Ninth Circuit panel held defendant's 254 years, 4 months term was materially indistinguishable from a life sentence. (*Id.* at pp. 1191-1192.) The Ninth Circuit panel ordered the district court to grant defendant's habeas corpus petition. (*Id.* at p. 1194.) On September 16, 2013, the Governor signed Senate Bill No. 312 which enacted section 3051. (Stats.2013, ch. 312, § 4.) Section 3051 mandates parole hearings for person such as defendant who receive sentences which are the functional equivalent of a life without parole term. On July 30, 2014, the federal district court issued a conditional writ of habeas corpus giving

4

California 90 days in which to resentence defendant in a manner consistent with *Graham* or to release him.

On October 24, 2014, the trial court resentenced defendant to 254 years, 4 months in state prison. The trial court reconsidered all the arguments presented at the original sentencing and the mitigating circumstances including defendant's age, capacity to change and diminished moral culpability. The trial court also ordered the Department of Corrections and Rehabilitation to provide defendant a full and meaningful parole hearing on his sixty-second birthday. This appeal followed.

III. DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested we independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) On July 6, 2015, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wished us to consider. On August 6, 2015, defendant timely filed his supplemental brief. We have examined the entire record and find no reasonably arguable contentions favorable to defendant are present. Appointed appellate counsel has fully complied with his obligations to defendant.

We now turn to defendant's pro se contentions. A sentencing choice is reviewed for an abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847; *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 976-977.) Defendant contends the trial court erred by sentencing him to the same term. We disagree. Defendants who committed nonhomicide crimes while juveniles must be provided a meaningful opportunity to secure parole during their lifetime. (*Graham, supra,* 560 U.S. at p. 75; *People v. Caballero* (2012) 55 Cal.4th 262, 268-269.) The trial court resolved that issue

5

by ordering defendant to receive a full and meaningful parole hearing on his sixty-second birthday.

Defendant contends the trial court lacked authority to impose a future parole hearing date on his sixty-second birthday. Our Supreme Court addressed the issue of how to resentence juvenile offenders sentenced to de facto life without parole in *People v. Caballero, supra,* 55 Cal.4th at pages 268-269. Our Supreme Court held: "Consistent with the high court's holding in *Graham*, *supra*, 560 U.S. 48, we conclude that sentencing a juvenile offender for a nonhomicide offense to a term of years with a parole eligibility date that falls outside the juvenile offender's natural life expectancy constitutes cruel and unusual punishment in violation of the Eighth Amendment. Although proper authorities may later determine that youths should remain incarcerated for their natural lives, the state may not deprive them at sentencing of a meaningful opportunity to demonstrate their rehabilitation and fitness to reenter society in the future. Under *Graham*'s nonhomicide ruling, the sentencing court must consider all mitigating circumstances attendant in the juvenile's crime and life, including but not limited to his or her chronological age at the time of the crime, whether the juvenile offender was a direct perpetrator or an aider and abettor, and his or her physical and mental development, so that it can impose a time when the juvenile offender will be able to seek parole from the parole board. The Board of Parole Hearings will then determine whether the juvenile offender must be released from prison 'based on demonstrated maturity and rehabilitation.' (*Id.* at p. 75.) . . . Because every case will be different, we will not provide trial courts with a precise time frame for setting these future parole hearings in a nonhomicide case. However, the sentence must not violate the defendant's Eighth Amendment rights and must provide him or her a 'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation' under *Graham*'s mandate." (*People v. Caballero, supra,* 55 Cal.4th at pp. 268-269; see *People v. Argeta* (2012) 210 Cal.App.4th 1478, 1482.)

Here, the trial court considered the mitigating circumstances present at defendant's first sentencing hearing, namely his age, capacity to change and diminished moral

6

culpability. Having considered the mitigating circumstances, the trial court resentenced defendant to the same term. But the trial court ordered the Department of Corrections and Rehabilitation to provide defendant with a full and meaningful parole hearing on his sixty-second birthday. Pursuant to an United States Department of Health and Human Services report on mortality, males living in this country have a life expectancy of 76.4 years. The future parole hearing date on defendant's sixty-second birthday falls within defendant's life expectancy. The trial court acted within its authority as stated in *Caballero* to impose a future parole hearing date. The trial court did not abuse its discretion.

Defendant also asserts he qualifies for a youth offender parole hearing under section 3051. Defendant contends the trial court could not sentence defendant to a parole hearing date that conflicts with section 3051. No reasonably arguable contention can be made that the trial court issued such an order. The trial court was directed by the federal courts to resentence defendant pursuant to *Graham*. As stated above, the trial court did not abuse its discretion in resentencing defendant. Nothing in this opinion, which addresses compliance with federal court orders, should be construed as denying defendant any rights he possesses under section 3051.

IV.  DISPOSITION

The October 24, 2014 judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.          BAKER, J.

7