[No. B229135. Second Dist., Div. Four. Nov. 13, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
CRISTIAN ARGETA et al., Defendants and Appellants.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, only the first paragraph of the opinion, part VII of the discussion, and the disposition are certified for publication.

## COUNSEL

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant Cristian Argeta.

Chris R. Redburn, under appointment by the Court of Appeal, for Defendant and Appellant Camilo Hernandez.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Herbert S. Tetef, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EPSTEIN, P. J.**—Defendants Cristian Argeta and Camilo Hernandez appeal from a jury verdict convicting them of one count of murder (Pen. Code, § 187, subd. (a)) and five counts of attempted murder (Pen. Code, §§ 187, subd. (a), 664).[1] We vacated submission and received further briefing in light of the California Supreme Court's recent decision in *People v. Caballero* (2012) 55 Cal.4th 262 [145 Cal.Rptr.3d 286, 282 P.3d 291] (*Caballero*) and the United States Supreme Court's decision in *Miller v. Alabama* (2012) 567 U.S. ___ [183 L.Ed.2d 407, 132 S.Ct. 2455] (*Miller*). In the published portion of this opinion we discuss the application of these decisions to the punishment imposed on the appellants. Based on that analysis, we affirm as to Argeta but conclude the trial court's sentencing determinations regarding Hernandez must be reversed.

\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## FACTUAL AND PROCEDURAL SUMMARY\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

### I–VI\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### VII

Defendants argue that their sentences constitute cruel and/or unusual punishment under the state and federal Constitutions. As stated, we vacated earlier submission to consider the recent decisions.

Hernandez claims that because he was 15 years old when the crimes were committed, he was convicted of homicide only as an aider and abettor, and his sentence is functionally equivalent to a sentence of life without parole, the sentence is cruel and unusual under the federal Constitution as well as cruel

---

[1] All further statutory citations are to the Penal Code, unless otherwise indicated.

\*See footnote, *ante,* page 1478.

or unusual under the California Constitution. (See *Graham v. Florida* (2010) 560 U.S. 48 [176 L.Ed.2d 825, 130 S.Ct. 2011] (*Graham*); *People v. Mendez* (2010) 188 Cal.App.4th 47 [114 Cal.Rptr.3d 870] (*Mendez*); *Miller, supra,* 567 U.S. ___ [132 S.Ct. 2455]; *Caballero, supra,* 55 Cal.4th 262.)

In *Graham,* the United States Supreme Court held that sentencing a juvenile to life without the possibility of parole for a *nonhomicide* offense violates the Eighth Amendment's prohibition of cruel and unusual punishment. (*Graham, supra,* 560 U.S. at p. ___ [130 S.Ct at p. 2034].) The court noted the "fundamental differences between juvenile and adult minds" and that juveniles are "more capable of change than are adults." (*Id.* at p. ___ [130 S.Ct. at p. 2026].) The Supreme Court next took up the issue in *Miller,* two companion cases in which minors were convicted of murder and sentenced to life imprisonment without the possibility of parole. (*Miller, supra,* 567 U.S. at p. ___ [132 S.Ct. at p. 2460].) Based on the reasoning in *Graham,* the court held that it also is a violation of the Eighth Amendment to impose a *mandatory* life-without-parole sentence upon a juvenile in a *homicide* case. (*Miller,* at pp. ___–___ [132 S.Ct. at pp. 2467–2468].) The court concluded that such penalties "preclude a sentencer from taking account of an offender's age and the wealth of characteristics and circumstances attendant to it," namely, "immaturity, impetuosity, and failure to appreciate risks and consequences." (*Ibid.*) Although *Miller* was a homicide case, the court pointed out that *Graham*'s consideration of the unique characteristics and vulnerabilities of juveniles is not "crime-specific" and its "reasoning implicates any life-without-parole sentence imposed on a juvenile" even if *Graham*'s categorical ban regarding nonhomicide offenses did not. (*Miller,* at p. ___ [132 S.Ct. at p. 2465].)

The California Supreme Court addressed another aspect of the issue in *Caballero, supra,* 55 Cal.4th 262. That case involved a juvenile who was sentenced to 110 years to life for multiple, *nonhomicide* offenses. (*Id.* at pp. 268–269.) The court rejected the argument that a cumulative sentence for distinct crimes does not present an Eighth Amendment issue. (55 Cal.4th at pp. 268–269.) It found that when a juvenile is sentenced to minimum terms that exceed his or her life expectancy, the punishment is the functional equivalent of a life sentence without the possibility of parole. (*Ibid.*) The court concluded the sentence offends the dictates of *Graham* and constitutes cruel and unusual punishment. (*Caballero,* at pp. 268–269.) It also concluded "the state may not deprive [juveniles] at sentencing of a meaningful opportunity to demonstrate their rehabilitation and fitness to reenter society in the future." (*Id.* at p. 268.) In addition, it laid out specific mitigating circumstances that must be considered by a sentencing court before determining at what point juveniles can seek parole, including their age, whether they were a direct perpetrator or an aider and abettor, and their physical and mental development. (*Ibid.*)

Here, the trial court imposed a minimum aggregate sentence of 100 years on Hernandez, who was 15 years old at the time of the crime. He was convicted for aiding and abetting Argeta, an adult, in one count of murder and five counts of attempted murder. The People concede that this is the functional equivalent of a life sentence without possibility of parole. For the five counts of attempted homicide alone, Hernandez will face at least 75 years in prison before becoming eligible for parole, a term that in and of itself likely requires that he be in prison for the rest of his life. Based on these circumstances and in light of recent decisions of the United States and California Supreme Courts, we conclude the trial court's sentencing determinations regarding Hernandez must be reversed and the case remanded for resentencing on all counts in a manner consistent with the decision of the United States Supreme Court in *Miller* and our Supreme Court in *Caballero*.[6] In so deciding, we do not hold that the sentence in this case is categorically barred as cruel and unusual. So long as it considers all of the circumstances discussed above, the trial court may exercise its discretion, consistent with this opinion, to impose the same sentence or a different one.

Relying on *Graham, Mendez, Miller,* and *Caballero,* Argeta contends his sentence is categorically cruel and/or unusual. Argeta was 18 and was convicted of first degree murder as a principal. His counsel argues that since the crime was committed only five months after Argeta's 18th birthday the rationale applicable to the sentencing of juveniles should apply to him. We do not agree. These arguments regarding sentencing have been made in the past, and while "[d]rawing the line at 18 years of age is subject . . . to the objections always raised against categorical rules . . . [, it] is the point where society draws the line for many purposes between childhood and adulthood." (*Roper v. Simmons* (2005) 543 U.S. 551, 574 [161 L.Ed.2d 1, 125 S.Ct. 1183]; see *Graham, supra,* 560 U.S. at p. ___ [130 S.Ct. at p. 2016].) Making an exception for a defendant who committed a crime just five months past his 18th birthday opens the door for the next defendant who is only six months into adulthood. Such arguments would have no logical end, and so a line must be drawn at some point. We respect the line our society has drawn and which the United States Supreme Court has relied on for sentencing purposes, and conclude Argeta's sentence is not cruel and/or unusual under *Graham, Miller,* or *Caballero.*

---

[6] A new statute (Stats. 2012, ch. 828, § 1) amended section 1170 in terms that do not apply to issues before us on this appeal. This statute adds a new subdivision, (d)(2), to section 1170. The amendment provides that juveniles sentenced to life without the possibility of parole who have served at least 15 years of prison time on the sentence, may seek a reduced sentence based on rehabilitation.

VIII, IX*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

As to Argeta, the judgment is modified to reflect a total of 690 days of presentence credit. In all other respects the judgment is affirmed. The trial court is directed to amend the abstract of judgment and October 19, 2010 minute order to reflect the correct sentence as stated above.

We remand Hernandez's case for reconsideration of his sentence, in a manner consistent with this opinion. In all other respects the judgment is affirmed.

Willhite, J., and Suzukawa, J., concurred.

A petition for a rehearing was denied December 4, 2012, and the opinion was modified to read as printed above. Appellants' petition for review by the Supreme Court was denied February 20, 2013, S207479.

---

*See footnote, *ante*, page 1478.