Filed 5/22/24  P. v. Quesada CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALVARO QUESADA,<br><br>    Defendant and Appellant. | B330376<br><br>(Los Angeles County<br>Super. Ct. No. BA163991)<br><br>ORDER MODIFYING<br>OPINION AND DENYING<br>REHEARING<br>(NO CHANGE IN THE<br>APPELLATE JUDGMENT) |


THE COURT:

It is ordered that the opinion filed herein on May 3, 2024 be modified as follows:

1.  On page 7, the citation to *People v. Argeta* (2012) 210 Cal.App.4th 1478, 1482 is deleted so the paragraph ends:

*People v. Abundio* (2013) 221 Cal.App.4th 1211, 1221 [life without the possibility of parole for an 18-year-old defendant was "not cruel and/or unusual"].)

2.  On page 8, footnote 4 the citation to *People v. Argeta* (2012) 210 Cal.App.4th at page 1482 is changed to:

*People v. Argeta* (2012) 210 Cal.App.4th 1478, 1482.

There is no change in the appellate judgment.  Appellant's petition for rehearing is denied.

_____

MARTINEZ, P. J.          SEGAL, J.          FEUER, J.

Filed 5/3/24  P. v. Quesada CA2/7 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>ALVARO QUESADA,<br><br>　　　Defendant and Appellant. | B330376<br><br>(Los Angeles County<br>Super. Ct. No. BA163991) |

　　　APPEAL from an order of the Superior Court of Los Angeles County, Lisa B. Lench, Judge.  Affirmed.

　　　William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Alvaro Quesada, convicted of special-circumstances murder for a crime he committed when he was 24 years old, appeals from the superior court's order denying his motion for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 to make a record of mitigating youth-related evidence for a future youth offender parole hearing. Quesada argues Penal Code section 3051, the statute governing youth offender parole hearings, violates his right to equal protection under the Fourteenth Amendment to the United States Constitution and article I, section 7 of the California Constitution by excluding from parole consideration 18- to 25-year-old young adults sentenced to life in prison without the possibility of parole. Quesada also argues a sentence of life without the possibility of parole for an offender under the age of 26 is cruel or unusual punishment under article I, section 17 of the California Constitution. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2000 a jury convicted Quesada on one count of first degree murder (Pen. Code, § 187, subd. (a))[1] and one count of conspiracy to commit murder (§§ 182, 187, subd. (a)) for killing his cousin's husband. The jury found true special-circumstance allegations Quesada intentionally committed the murder for financial gain (§ 190.2, subd. (a)(1)) and by means of lying in wait (§ 190.2, subd. (a)(15)). The jury also found a principal was armed with a firearm within the meaning of section 12022,

---

[1]     Statutory references are to the Penal Code.

subdivision (a)(1).  The trial court sentenced Quesada to life in prison without the possibility of parole on the murder conviction, plus one year for the firearm enhancement.  The court stayed under section 654 imposition of the sentence on the conspiracy conviction.  We affirmed the judgment.  (*People v. Cleland* (May 27, 2003, B143757) [nonpub. opn.].)

In 2022 Quesada filed a motion under section 1203.01 for a hearing under *People v. Franklin, supra*, 63 Cal.4th 261 to make a record of information relevant to a future youth offender parole hearing under section 3051, even though he was sentenced to prison for life without the possibility of parole.  Quesada argued section 3051, subdivision (h), violated the equal protection clause of the Fourteenth Amendment because it denied youth offender parole hearings for individuals who, like him, were sentenced to life in prison without the possibility of parole for crimes committed between the ages of 18 and 25, while authorizing youth offender parole hearings for individuals younger than 18 years old who committed special-circumstance murder and were sentenced to life without the possibility of parole and for individuals between the ages of 18 and 25 who committed first degree murder without special-circumstance findings and who were serving prison sentences of 25 years to life.

The superior court denied Quesada's request for a *Franklin* hearing.  The court ruled that Quesada was not eligible for a youth offender parole hearing under section 3051 and that the court was "not going to find the statute is unconstitutional."  Quesada timely appealed.

**DISCUSSION**

A. *Denying Young Adults Sentenced to Life Without Parole a Youth Offender Parole Hearing Does Not Violate Equal Protection*

Section 3051 "offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age." (*People v. Hardin* (2024) 15 Cal.5th 834, 838 (*Hardin*).) "Under the current version of the statute, most persons incarcerated for a crime committed between ages 18 and 25 are entitled to a parole hearing during the 15th, 20th, or 25th year of their incarceration. [Citation.] But not all youthful offenders are eligible for parole hearings. The statute excludes, among others, offenders who are serving sentences of life in prison without the possibility of parole for a crime committed after the age of 18." (*Id.* at pp. 838-839.) In his opening brief Quesada argued, as he did in the superior court, section 3051 violates equal protection by denying parole hearings to young adult offenders sentenced to life without the possibility of parole, but authorizing hearings for two other groups of individuals: (1) juveniles (i.e., offenders under the age of 18) convicted of special-circumstance murder and sentenced to life without the possibility of parole and (2) young adult offenders sentenced to parole-eligible indeterminate life terms.[2]

While this appeal was pending, the Supreme Court in *Hardin*, *supra*, 15 Cal.5th 834 rejected the argument Quesada makes here. The Supreme Court held the "exclusion of young

---

[2] We review this argument de novo. (*People v. Laird* (2018) 27 Cal.App.5th 458, 469 ["We review an equal protection claim de novo."].)

adult offenders sentenced to life without parole" in section 3051 is not "constitutionally invalid under a rational basis standard, either on its face or as applied to [the defendant] and other individuals who are serving life without parole sentences for special circumstance murder." (*Hardin*, at p. 839.) In his supplemental brief Quesada concedes *Hardin* precludes his argument there is no rational basis for providing parole hearings to young adults sentenced to parole-eligible life terms but denying those hearings to young adults sentenced to life without the possibility of parole.

Quesada argues, however, the Supreme Court in *Hardin* did not decide whether there is a rational basis to distinguish between young adults sentenced to life without the possibility of parole and juveniles sentenced to life without the possibility of parole. While Quesada is correct the Supreme Court in *Hardin* did not decide that precise issue, California courts have uniformly rejected the argument. (See *People v. Sands* (2021) 70 Cal.App.5th 193, 204 [section 3051, subdivision (h), did not violate a 24-year-old offender's right to equal protection because the "Legislature had a rational basis to distinguish between offenders with the same sentence (life without parole) based on their age"]; *People v. Morales* (2021) 67 Cal.App.5th 326, 327 ["the line drawn at 18 is a rational one"]; *People v. Jackson* (2021) 61 Cal.App.5th 189, 196-197 ["both the United States Supreme Court and [the California Supreme Court] have repeatedly found the bright-line drawn between juveniles and nonjuveniles to be a rational one when it comes to criminal sentencing"]; *People v. Acosta* (2021) 60 Cal.App.5th 769, 780 ["The Legislature . . . had a constitutionally sufficient basis for distinguishing juvenile [life-without-the-possibility-of-parole] offenders from young adult [life-

without-the-possibility-of-parole] offenders."].)  We agree with these decisions.

B.  *Quesada's Sentence Is Not Cruel or Unusual Under Article I, Section 17 of the California Constitution*

Quesada argues sentencing an offender under the age of 26 to life in prison without the possibility of parole is cruel or unusual punishment under article I, section 17 of the California Constitution.  Because Quesada did not make this argument in the superior court, he forfeited it.  (See *People v. Alexander* (2010) 49 Cal.4th 846, 880, fn. 14 [defendant forfeited his constitutional claim by not raising it in the trial court].)

 But even if not forfeited, the argument lacks merit.[3]  The Eighth Amendment of the United States Constitution prohibits "cruel and unusual punishments."  Similarly, article I, section 17 of the California Constitution prohibits "[c]ruel or unusual punishment."  In *Miller v. Alabama* (2012) 567 U.S. 460 the United States Supreme Court held "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."  (*Id.* at p. 479.)

Quesada argues that, in light of the Legislature's recent "recognition of the reduced culpability" of offenders under the age of 26, the Supreme Court's rationale in *Miller* should be extended to young adult offenders.  California courts, however, have uniformly rejected the argument sentencing a young adult to life without the possibility of parole violates the prohibition against

---

[3]     Our review is de novo here too.  (See *People v. Wilson* (2020) 56 Cal.App.5th 128, 166-167 ["'[w]hether a punishment is cruel and/or unusual is a question of law subject to our independent review'"].)

6

cruel and unusual punishment.  (See *People v. Acosta, supra*, 60 Cal.App.5th at p. 781 [life without the possibility of parole for a 21-year-old offender on the autism spectrum did not violate the Eighth Amendment]; *People v. Windfield* (2021) 59 Cal.App.5th 496, 525-526 [despite scientific literature showing the features of juveniles extend to 18 year olds, "we are bound by precedent and there is no precedent for us to declare that *Miller* applies to 18 year olds"]; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1032 [life without the possibility of parole for an 18-year-old offender did not violate the Eighth Amendment]; *People v. Abundio* (2013) 221 Cal.App.4th 1211, 1221 [life without the possibility of parole for an 18-year-old defendant was "not cruel and/or unusual"]; *People v. Argeta* (2012) 210 Cal.App.4th 1478, 1482 [the functional equivalent of life without the possibility of parole for an 18-year-old defendant was not cruel and/or unusual under the Eighth Amendment or the California Constitution].)

Indeed, the California Supreme Court has held even the death penalty for 18- to 21-year-olds is not cruel and unusual punishment under the Eighth Amendment.  (See *People v. Flores* (2020) 9 Cal.5th 371, 429 [the United States Supreme Court has "recognized that the "'qualities that distinguish juveniles from adults do not disappear when an individual turns 18,'" but nonetheless held that the "'age of 18 is the point where society draws the line for many purposes between childhood and adulthood'" and is "'the age at which the line for death eligibility ought to rest'""].)  And "[i]f the Eighth Amendment does not prohibit a sentence of death for 21 year olds, then most assuredly, it does not prohibit the lesser" sentence of life without the possibility of parole.  (*In re Williams* (2020) 57 Cal.App.5th 427, 439.)

Quesada argues most of the cases concluding life in prison without the possibility of parole for young adults is not cruel and unusual punishment rely on the Eighth Amendment, which prohibits cruel *and* unusual punishment, not article I, section 17 of the California Constitution, which prohibits cruel *or* unusual punishment. But Quesada does not provide any authority or rationale compelling a different result under the California Constitution. "There is considerable overlap in the state and federal approaches. 'Although articulated slightly differently, both standards prohibit punishment that is "grossly disproportionate" to the crime or the individual culpability of the defendant.'" (*People v. Baker* (2018) 20 Cal.App.5th 711, 733; compare *id*. at p. 723 ["A punishment is cruel or unusual in violation of the California Constitution 'if, although not cruel or unusual in its method, it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity.'"] with *People v. Perez* (2016) 3 Cal.App.5th 612, 616 ["absent gross disproportionality in the defendant's sentence, no Eighth Amendment violation will be found"].)[4]

---

[4]     *People v. Abundio*, *supra*, 221 Cal.App.4th 1211 at page 1221 and *People v. Argeta*, *supra*, 210 Cal.App.4th at page 1482 relied on the Eighth Amendment and article I, section 17 of the California Constitution. Quesada contends those cases are distinguishable because they were decided several years before the Legislature amended section 3051 to apply to (some) offenders as old as 25. Quesada contends the line between childhood and adulthood (which, according to *Argeta*, was at 18) "has been redrawn, by the Legislature, at 26 years of age." That argument ignores that the Legislature left the line at 18 for

"Because it is the Legislature's function to define crimes and prescribe punishments, the judiciary should not interfere 'unless a statute prescribes a penalty "out of all proportion to the offense."'" (*People v. Baker, supra*, 20 Cal.App.5th at p. 723.)  For the same reasons, a sentence of life without the possibility of parole for a young adult convicted of special-circumstance murder is not so disproportionate that it violates the Eighth Amendment, it does not violate the California Constitution's ban on cruel or unusual punishment.

## DISPOSITION

The order is affirmed.  Quesada's motion for judicial notice is denied as unnecessary.

SEGAL, Acting P. J.

We concur:

FEUER, J.                    MARTINEZ, J.

---

defendants, like Quesada, sentenced to life without the possibility of parole.