Filed 7/8/24  P. v. Sedillo CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B329864 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA072460) |
| v. | |
| JESUS SEDILLO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Judith L. Meyer, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Charles Chung, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Jesus Sedillo of two special circumstance murders committed when he was 20 years old, crimes for which he was sentenced to two terms of life without parole. Years later, Sedillo moved for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), which held that a defendant may develop a record for an eventual youth offender parole hearing under Penal Code[1] section 3051.[2] The trial court denied Sedillo's request for a *Franklin* hearing because he was ineligible for a youth offender parole hearing. Sedillo appeals, contending that section 3051 violates equal protection because it excludes young adult offenders sentenced to life without parole and that his sentence is cruel or unusual punishment under our California Constitution. We reject his contentions.

### BACKGROUND

In 2009, a jury found Sedillo guilty of two counts of special circumstance murder (§§ 187, subd. (a), 190.2, subd. (a)(3) [multiple murder special circumstance] & (21) [murder committed by personally discharging firearm from vehicle at person outside vehicle with intent to inflict death special circumstance]; counts 1 & 2) and two counts of attempted murder (§§ 664, 187, subd. (a); counts 3 & 4). As to counts 1, 2, and 4, the jury found that Sedillo personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)). As relevant here, Sedillo's sentence included two terms of life without parole.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Such a hearing is sometimes referred to as a *Franklin* hearing.

In May 2022, Sedillo filed a writ of habeas corpus in which he requested a *Franklin* hearing. The trial court treated the writ as a request for a *Franklin* hearing. On March 30, 2023, the trial court issued an order finding that denying youth offender parole hearings to 18-to-25 year olds sentenced to life without parole did not violate the equal protection clause. The trial court therefore denied Sedillo's request for a *Franklin* hearing.

## DISCUSSION

I.    Equal protection

Sedillo was 20 years old when he committed the murders and was sentenced to life without parole; therefore, he was ineligible for a youth offender parole hearing under section 3051 and not entitled to a *Franklin* hearing. He nonetheless argues that section 3051 violates equal protection by (1) treating young adult offenders sentenced to life without parole for special circumstance murder differently from young adult offenders serving parole-eligible life sentences for other crimes, and (2) excluding young adult offenders sentenced to life without parole from eligibility while including juvenile offenders sentenced to life without parole. As we now explain, our California Supreme Court rejected his first argument in *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*), and we follow other Courts of Appeal rejecting the second argument.

Over the past two decades, courts have recognized that juveniles (persons under 18) are constitutionally different from adults for sentencing purposes because of juveniles' diminished culpability and greater prospects for reform. (See generally *Miller v. Alabama* (2012) 567 U.S. 460, 471.) Accordingly, the Eighth Amendment prohibits imposing the death penalty on juveniles (*Roper v. Simmons* (2005) 543 U.S. 551), life without

3

parole sentences on juveniles who commit nonhomicide offenses (*Graham v. Florida* (2010) 560 U.S. 48), mandatory life without parole sentences on juveniles (*Miller*, at p. 489), de facto life without parole sentences on juvenile nonhomicide offenders (*People v. Caballero* (2012) 55 Cal.4th 262), and a sentence of 50 years to life for juvenile nonhomicide offenders (*People v. Contreras* (2018) 4 Cal.5th 349, 356).

In light of the judicial recognition of juveniles' lessened culpability and greater prospects for reform, our Legislature enacted section 3051. Section 3051 requires the Board of Parole Hearings to conduct a "youth offender parole hearing" at specified times during the youth's incarceration. Generally, persons who were younger than 26 years old when they committed their controlling offense are eligible for a youth offender parole hearing if they were sentenced to a determinate term or a life term with the possibility of parole. (§ 3051, subd. (b).) Persons sentenced to life without parole are entitled to a hearing if they were younger than 18 years old when they committed the controlling offense. (§ 3051, subd. (b)(4).) However, persons sentenced to life without parole who committed their controlling offense when they were 18 or older are ineligible for a youth offender parole hearing.[3] (§ 3051, subd. (h).) Further, persons who are eligible for a youth offender parole hearing must have a sufficient opportunity to make a record of information relevant to that eventual hearing. (*Franklin*, *supra*, 63 Cal.4th at p. 284.)

---

[3]     Similarly, persons sentenced under the Three Strikes or One Strike laws and offenders who, after attaining 26 years of age, commit an additional crime for which malice aforethought is an element are ineligible for a youth offender parole hearing. (§ 3051, subd. (h).)

While this appeal was pending, our California Supreme Court issued *Hardin*, *supra*, 15 Cal.5th 834, which considered whether section 3051 violates equal protection. *Hardin*, at page 850, held that when "plaintiffs challenge laws drawing distinctions between identifiable groups or classes of persons, on the basis that the distinctions drawn are inconsistent with equal protection, courts no longer need to ask at the threshold whether the two groups are similarly situated for purposes of the law in question. The only pertinent inquiry is whether the challenged difference in treatment is adequately justified under the applicable standard of review," which is rational basis review. Under rational basis review, courts "consider whether the challenged classification ultimately bears a rational relationship to a legitimate state purpose." (*People v. Chatman* (2018) 4 Cal.5th 277, 289.)

*Hardin* then turned to whether there was a rational basis to exclude persons sentenced to life without parole for a crime committed when they were 18 or older from a youth offender parole hearing. The court found that while the Legislature's primary purpose in extending section 3051[4] to young adult offenders was to give them the opportunity to obtain release based on growth and rehabilitation, the Legislature balanced this purpose with other concerns about culpability and the appropriate punishment for certain very serious crimes. (*Hardin*, *supra*, 15 Cal.5th at p. 854.) In "designing section 3051, the Legislature consciously drew lines that altered the parole

---

[4] As originally enacted, only juveniles were eligible for youth offender parole hearings, but, over the years, the age of eligibility has been raised to 22 and then to 25. (See generally *Hardin*, *supra*, 15 Cal.5th at pp. 845–846.)

5

component of offenders' sentences based not only on the age of the offender (and thus the offender's amenability to rehabilitation) but also on the offense and sentence imposed. The lines the Legislature drew necessarily reflect a set of legislative judgments about the nature of punishment that is appropriate for the crime." (*Id.* at p. 855.)

*Hardin* rejected the argument that there is no rational basis to distinguish between youthful offenders sentenced to life without parole for special circumstance murder and youthful offenders sentenced either to functionally equivalent life without parole sentences or to indeterminate life terms for first degree murder. (*Hardin, supra,* 15 Cal.5th at p. 858.) The court observed that "legions of decisions" hold that "special circumstance murder is sufficiently serious and morally culpable as to justify imposing the most severe sanctions available under the law, up to and including death." (*Id.* at p. 859.) While the court did not "foreclose the possibility of other challenges to the distinctions drawn by the special circumstances statute based on a more robust record or a more focused as-applied inquiry, Hardin has not carried his burden to demonstrate that legislative reliance on the special circumstance murder statute in section 3051, subdivision (h) is categorically irrational." (*Id.* at p. 862.) The court concluded that Hardin had not shown that the "Legislature's decision to expand youth offender parole hearings to most young adult offenders, while excluding Hardin and others similarly situated, violates equal protection under a rational basis standard." (*Id.* at p. 866.)

Sedillo acknowledges that *Hardin* rejected his first contention, that treating young adult offenders sentenced to life without parole for special circumstance murder differently from young adult offenders serving parole-eligible life sentences for other crimes violates equal protection.

Sedillo therefore pursues only his second contention, that excluding young adult offenders sentenced to life without parole from eligibility while including juvenile offenders sentenced to life without parole violates equal protection. Although *Hardin* declined to address this issue, other appellate courts have rejected it, finding that age provides a rational basis for the Legislature to distinguish between offenders with the same life without parole sentence. (See, e.g., *People v. Hardin* (2022) 84 Cal.App.5th 273, 285–286, review granted Jan. 11, 2023, S277487, reversed on other grounds by *Hardin*, *supra*, 15 Cal.5th 834; *People v. Sands* (2021) 70 Cal.App.5th 193; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779 (*Acosta*).) Those cases recognize that *Roper* and its progeny apply to juveniles, and not to young adult offenders. Thus, a life without parole sentence may violate the Eighth Amendment for juvenile offenders, but "the same sentence does not violate the Eighth Amendment when imposed on an adult, even an adult under the age of 26." (*Sands*, at p. 204.) Our Legislature therefore could "rationally decide to remedy unconstitutional sentences [of juveniles] but go no further." (*Ibid.*; accord, *Acosta*, at pp. 779–780 [Legislature declined to include young adult offenders sentenced to life without parole presumably because 8th Amend. jurisprudence didn't compel it].)

Although we join other appellate courts in questioning the soundness of a policy that excludes young adult offenders sentenced to life without parole from section 3051, "we cannot assert our own policy concerns into the analysis" where there is a rational basis—age—to treat them differently than juveniles. (*Acosta, supra*, 60 Cal.App.5th at p. 781; accord, *Hardin, supra*, 15 Cal.5th 835, \*\*1005 (dis. opn. of Liu, J.) [urging Legislature to revisit issue] & \*\*1012 (dis. opn. of Evans, J.) ["I urge the Legislature to correct itself by ridding section 3051 of the [life

without parole] exclusion and extending youth offender parole eligibility to all individuals who were convicted in their youth."]; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1041 (conc. opn. of Segal, J.) [urging Legislature to rethink § 3051's exclusion of young adult offenders].)  We therefore reject Sedillo's claim that excluding young adult offenders sentenced to life without parole from eligibility while including juvenile offenders sentenced to life without parole violates equal protection.

II.     Cruel or unusual punishment

Sedillo alternatively argues that evolving standards of decency, as exemplified by the expansion of section 3051 to include persons who committed their controlling offense at the age of 25 and younger, has made his life without parole sentence cruel or unusual punishment under the California Constitution.[5] But, as we have said, section 3051 has its genesis in cases concerning *juveniles*.  That is, *Miller v. Alabama, supra,* 567 U.S. 460 prohibited mandatory life without parole terms for juveniles. It did not apply to young adults like Sedillo who were 18 or older when they committed their crime.  (*Acosta, supra,* 60 Cal.App.5th at p. 782.)  Our Supreme Court and numerous Courts of Appeal have refused to extend *Miller*, as well as *Graham* and *Roper*, to young adults 18 years of age or older.  (See, e.g., *People v. Flores* (2020) 9 Cal.5th 371, 429–430 [declining to extend *Roper* to 18-to-20-year-olds]; *People v. Powell* (2018) 6 Cal.5th 136, 191 [death

---

[5]     Sedillo does not argue on appeal that his sentence violates the federal constitution.  Further, he did not argue below that his sentence violates the state constitution, thereby forfeiting the issue on appeal.  (See, e.g., *People v. Baker* (2018) 20 Cal.App.5th 711, 720.)  Nonetheless, we exercise our discretion to address the merits.  (See, e.g., *People v. Avila* (2020) 57 Cal.App.5th 1134, 1145–1146, fn. 12.)

penalty for 18 year old with "intellectual shortcomings" does not violate federal and state constitutions]; *People v. Gamache* (2010) 48 Cal.4th 347, 407 ["lengthy confinement under a death sentence does not constitute cruel and unusual punishment" or violate federal and state constitutions]; *In re Williams* (2020) 57 Cal.App.5th 427, 437–438 [life without parole for 21-year old offender not grossly disproportionate to his culpability]; see *People v. Argeta* (2012) 210 Cal.App.4th 1478, 1482.)  Thus, as *Argeta* observed, a line has been drawn about at what age it is cruel or unusual punishment to impose a life without parole sentence.  That line currently stands at 17 years of age (i.e., those persons who are 17 and younger are considered juveniles).  Sedillo was 20 years old and not a juvenile when he committed the murders.  Accordingly, his life without parole sentence does not constitute cruel or unusual punishment.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:


LAVIN, J.


BERSHON, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.