Filed 3/26/25  P. v. Muro CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARIO CARLOS MURO,<br><br>    Defendant and Appellant. | B338661<br><br>(Los Angeles County<br>Super. Ct. No. TA035502) |

APPEAL from an order of the Superior Court of Los Angeles County, John Lonergan, Judge.  Affirmed.

Nancy L. Tetreault, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

Penal Code section 3051[1] requires that certain incarcerated juvenile and youth offenders be given a youth offender parole hearing.  Juveniles and youths who are eligible for such a hearing may move for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) to develop a record for an eventual youth offender parole hearing.

A jury convicted Mario Carlos Muro of two counts of first degree murder and found true a multiple-murder special-circumstance allegation, and a court sentenced him to life without parole.  Muro committed the murders when he was 18 years old.  Muro moved for a *Franklin* hearing, but the trial court denied the motion because Muro, based on his age when he committed his crimes and his life without parole sentence, was ineligible for a youth offender parole hearing.

Muro appeals, contending that section 3051 violates equal protection because it excludes youth offenders like him who were sentenced to life without parole for an offense committed after the age of 17.  He also contends that his sentence violates federal and state constitutional prohibitions against cruel and unusual punishment.  Our California Supreme Court rejected Muro's equal protection contention in *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*).  And courts have rejected the argument that a life without parole sentence for a youth offender is cruel and unusual punishment under the federal and state constitutions.  We therefore affirm the trial court's order.

---

[1]     All further undesignated statutory references are to the Penal Code.

## BACKGROUND

On March 24, 1996, Muro fired multiple shots into a van stopped at a red light, killing Richard Lopez and Michael Mahome.[2]  After shooting them, Muro got into a car he had just bought from his brother-in-law.  Israel Magana was driving the car, and additional passengers were in the car.  Muro confessed to being the shooter, because he did not think it right that an innocent man be accused.

In 1998, a jury convicted Muro of two counts of murder and found true a multiple-murder special-circumstance allegation. (§§ 187, subd. (a), 190.2, subd. (a)(3).)  On January 20, 1999, a court sentenced Muro to two terms of life without parole.

In 2023, Muro petitioned for a writ of habeas corpus and requested a *Franklin* hearing.  On April 19, 2024, the trial court denied Muro's petition, finding him ineligible for a *Franklin* hearing as a matter of law.[3]

---

[2]     The facts are from this division's opinion affirming an order denying a petition Muro had filed under section 1172.6 for resentencing, *People v. Muro* (May 13, 2021, B307128) [nonpub. opn.].  We take judicial notice of that opinion.  (Evid. Code, § 452, subd. (a).)

[3]     Although Muro raised the *Franklin* issue in a petition for a writ of habeas corpus, the trial court impliedly treated it as a motion under section 1203.01, which provides that a trial court may collect information about a defendant postjudgment to submit to the Department of Corrections and Rehabilitation.  A motion brought under that section is appealable.  (See *In re Cook* (2019) 7 Cal.5th 439, 446–447.)

# DISCUSSION

## I.  Equal protection

Muro was 18 years old when he participated in the murders for which he was sentenced to life without parole; therefore, he was ineligible for a youth offender parole hearing under section 3051, subdivision (h), and not entitled to a *Franklin* hearing.  He nonetheless argues that section 3051 violates equal protection by treating youth offenders sentenced to life without parole for special circumstance murder differently from youth offenders serving parole-eligible life sentences for other crimes.  As we now explain, our California Supreme Court rejected his argument in *Hardin*, *supra*, 15 Cal.5th 834.

Over the past two decades, courts have recognized that juveniles (persons under 18) are constitutionally different from adults for sentencing purposes because of juveniles' diminished culpability and greater prospects for reform.  (See generally *Miller v. Alabama* (2012) 567 U.S. 460, 471.)  Accordingly, the Eighth Amendment prohibits imposing the death penalty on juveniles (*Roper v. Simmons* (2005) 543 U.S. 551), life without parole for juveniles who commit nonhomicide offenses (*Graham v. Florida* (2010) 560 U.S. 48), mandatory life without parole for juveniles (*Miller*, at p. 489), de facto life without parole for juvenile nonhomicide offenders (*People v. Caballero* (2012) 55 Cal.4th 262), and a sentence of 50 years to life for juvenile nonhomicide offenders (*People v. Contreras* (2018) 4 Cal.5th 349, 356).

In light of the judicial recognition of juveniles' lessened culpability and greater prospects for reform, our Legislature enacted section 3051.  Section 3051 requires the Board of Parole Hearings to conduct a "youth offender parole hearing" at specified

4

times during the youth's incarceration.  Generally, persons who were younger than 26 years old when they committed their controlling offense are eligible for a youth offender parole hearing if they were sentenced to a determinate term or a life term with the possibility of parole.  (§ 3051, subd. (b).)  Persons sentenced to life without parole are entitled to a hearing if they were younger than 18 years old when they committed the controlling offense.  (§ 3051, subd. (b)(4).)  However, persons sentenced to life without parole who committed their controlling offense when they were 18 or older are ineligible for a youth offender parole hearing.[4]  (§ 3051, subd. (h).)  Further, persons who are eligible for a youth offender parole hearing must have a sufficient opportunity to make a record of information relevant to that eventual hearing.  (*Franklin*, *supra*, 63 Cal.4th at p. 284.)  Thus, only persons eligible for a youth offender parole hearing under section 3051 are in turn eligible for a *Franklin* hearing.

*Hardin*, *supra*, 15 Cal.5th 834, considered whether section 3051 violates equal protection by excluding youths sentenced to life without parole for a crime committed when they were 18 or older from a youth offender parole hearing.  *Hardin*, at page 850, first held that when "plaintiffs challenge laws drawing distinctions between identifiable groups or classes of persons, on the basis that the distinctions drawn are inconsistent with equal protection, courts no longer need to ask at the threshold whether the two groups are similarly situated for purposes of the law in

---

[4]     Similarly, persons sentenced under the Three Strikes or One Strike laws and offenders who, after attaining 26 years of age, commit an additional crime for which malice aforethought is an element are ineligible for a youth offender parole hearing.  (§ 3051, subd. (h).)

5

question. The only pertinent inquiry is whether the challenged difference in treatment is adequately justified under the applicable standard of review," which is rational basis review. Under rational basis review, courts "consider whether the challenged classification ultimately bears a rational relationship to a legitimate state purpose." (*People v. Chatman* (2018) 4 Cal.5th 277, 289.)

*Hardin* then turned to whether there was a rational basis to exclude persons sentenced to life without parole for a crime committed when they were 18 or older from a youth offender parole hearing. The court found that while the Legislature's primary purpose in extending section 3051[5] to youth offenders was to give them the opportunity to obtain release based on growth and rehabilitation, the Legislature balanced this purpose with other concerns about culpability and the appropriate punishment for certain very serious crimes. (*Hardin, supra*, 15 Cal.5th at p. 854.) In "designing section 3051, the Legislature consciously drew lines that altered the parole component of offenders' sentences based not only on the age of the offender (and thus the offender's amenability to rehabilitation) but also on the offense and sentence imposed. The lines the Legislature drew necessarily reflect a set of legislative judgments about the nature of punishment that is appropriate for the crime." (*Id.* at p. 855.)

*Hardin* rejected the argument that there is no rational basis to distinguish between youth offenders sentenced to life without parole for special circumstance murder and youth offenders sentenced either to functionally equivalent life without

---

[5]     As originally enacted, only juveniles were eligible for youth offender parole hearings, but, over the years, the age of eligibility has been raised to 22 and then to 25. (See generally *Hardin, supra*, 15 Cal.5th at pp. 845–846.)

parole sentences or to indeterminate life terms for first degree murder.  (*Hardin*, *supra*, 15 Cal.5th at p. 858; cf. *People v. Williams* (2024) 17 Cal.5th 99 [excluding defendants sentenced under One Strike law from § 3051 relief does not violate equal protection].)  The court observed that "legions of decisions" hold that "special circumstance murder is sufficiently serious and morally culpable as to justify imposing the most severe sanctions available under the law, up to and including death."  (*Hardin*, at p. 859.)  While the court did not "foreclose the possibility of other challenges to the distinctions drawn by the special circumstances statute based on a more robust record or a more focused as-applied inquiry, Hardin has not carried his burden to demonstrate that legislative reliance on the special circumstance murder statute in section 3051, subdivision (h) is categorically irrational."  (*Id.* at p. 862.)  The court concluded that Hardin had not shown that the "Legislature's decision to expand youth offender parole hearings to most young adult offenders, while excluding Hardin and others similarly situated, violates equal protection under a rational basis standard."  (*Id.* at p. 866.)

Muro acknowledges that *Hardin* rejected the same equal protection argument he makes here, that treating youth offenders sentenced to life without parole for special circumstance murder differently from youth offenders serving parole-eligible life sentences for other crimes violates equal protection. Nonetheless, he raises the issue to exhaust his state court remedies for federal review.  However, we are bound by *Hardin*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

7

II.     Cruel and/or unusual punishment

Muro also contends that evolving standards of decency have made his life without parole sentences cruel and/or unusual punishment under the federal and state constitutions. (U.S. Const. 8th Amend. [prohibiting cruel and unusual punishment]; Cal. Const., art. I, § 17 [prohibiting cruel or unusual punishment].) Under current law, Muro's sentence does not violate federal or state prohibitions on cruel and/or unusual punishment.

As an initial matter, the Attorney General asserts that Muro forfeited this issue by failing to raise it below. Even if Muro forfeited the issue, we exercise our discretion to address it. (See *People v. Baker* (2018) 20 Cal.App.5th 711, 720; *People v. Em* (2009) 171 Cal.App.4th 964, 971, fn. 5 [appellate court may reach forfeited issue on record presented or in interest of judicial economy].)

Under the Eighth Amendment of the United States Constitution, punishment is cruel and unusual if it is so disproportionate to the crime committed that it shocks the conscience and offends fundamental notions of human dignity. (*People v. Mantanez* (2002) 98 Cal.App.4th 354, 358.) The Eighth Amendment contains a narrow proportionality principle applicable to noncapital sentences. (*Ewing v. California* (2003) 538 U.S. 11, 20.) However, the Eighth Amendment does not require strict proportionality between crime and sentence, and it forbids only extreme sentences grossly disproportionate to the crime. (*Ewing*, at p. 23.)

California's Constitution imposes a similar standard. Punishment that is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity may violate our state constitution. (*In*

8

*re Lynch* (1972) 8 Cal.3d 410, 424; see generally *In re Palmer* (2021) 10 Cal.5th 959, 973 [setting forth factors to determine whether a sentence is excessive].)

As we have said, section 3051 has its genesis in federal cases applying the Eighth Amendment to *juveniles*. That is, *Miller v. Alabama, supra,* 567 U.S. 460 prohibited mandatory life without parole terms for juveniles. It did not apply to young adults like Muro who were 18 or older when they committed their crime. (See *People v. Acosta* (2021) 60 Cal.App.5th 769, 781–782.) "If the Eighth Amendment does not prohibit a sentence of death for 21 year olds, then most assuredly, it does not prohibit the lesser" life without parole sentence. (*In re Williams* (2020) 57 Cal.App.5th 427, 439.)

Thus, our California Supreme Court and courts of appeal have declined to extend *Miller*, as well as *Graham* and *Roper*, to young adults 18 years of age or older. (See, e.g., *People v. Flores* (2020) 9 Cal.5th 371, 429–430 [declining to extend *Roper* to 18-to-20-year-olds]; *People v. Powell* (2018) 6 Cal.5th 136, 191 [death penalty for 18 year old with "intellectual shortcomings" does not violate federal and state Constitutions]; *People v. Gamache* (2010) 48 Cal.4th 347, 407 ["lengthy confinement under a sentence of death does not constitute cruel and unusual punishment" or violate federal and state Constitutions]; *In re Williams, supra,* 57 Cal.App.5th at pp. 437–438 [life without parole for 21-year old offender not grossly disproportionate to his culpability]; see *People v. Argeta* (2012) 210 Cal.App.4th 1478, 1482.)

A line has been drawn about at what age it is cruel and unusual punishment to impose a life without parole sentence. (*People v. Argeta, supra,* 210 Cal.App.4th at p. 1482.) That line currently stands at 17 years of age (i.e., those persons who are 17 and younger are considered juveniles). Muro was 18 years old and not a juvenile when he committed the murders. Accordingly,

his life without parole sentences do not constitute cruel and/or unusual punishment.

## DISPOSITION

The order denying Mario Muro's request for a *Franklin* hearing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:


EGERTON, J.


ADAMS, J.