Filed 6/21/24  P. v. Cano CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAVIER O. CANO,<br><br>    Defendant and Appellant. | B328232<br><br>(Los Angeles County<br> Super. Ct. No. A705948)<br><br>ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING [NO CHANGE IN JUDGMENT] |

It is ordered that the opinion in this matter, filed May 30, 2024, is modified as follows:

1.    The first full paragraph, second sentence on page 4, is modified to read as follows:  "Cano had initially argued on appeal that section 3051 violates equal protection and he is therefore entitled to a *Franklin* hearing.  Our California Supreme Court in *People v. Hardin* (2024) 15 Cal.5th 834, has now rejected that treating young adult offenders sentenced to life without parole from young adult offenders serving parole-eligible life sentences for crimes violates equal protection, as he now acknowledges."  Footnote 4 remains unmodified.

2.  On page 8, the parenthetical attached to *People v. Argeta* (2012) 210 Cal.App.4th 1478, 1480–1481, is deleted.

The petition for rehearing is denied.  There is no change in the judgment.

_____

EDMON, P. J.  EGERTON, J.  ADAMS, J.

Filed 5/30/24  P. v. Cano CA2/3 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAVIER O. CANO,<br><br>    Defendant and Appellant. | B328232<br><br>(Los Angeles County<br>Super. Ct. No. A705948) |

APPEAL from an order of the Superior Court of Los Angeles County, Hayden Zacky, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

In 1988, a jury convicted Javier Cano of two special circumstance murders committed when he was 20 years old, crimes for which he was sentenced to two terms of life without parole. In 2022, Cano moved for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), which held that a defendant may develop a record for an eventual youth offender parole hearing under Penal Code[1] section 3051. The trial court denied Cano's motion because he was ineligible for a youth offender parole hearing. Cano appeals, contending that section 3051 violates equal protection because it excludes young adult offenders sentenced to life without parole and that his sentence is cruel or unusual punishment under our California Constitution. We reject these contentions and affirm the order.

## BACKGROUND[2]

On July 11, 1986, Cano shot and killed Jose Venegas during a confrontation at a gas station. Three days later, on July 14, 1986, Cano shot and killed Woodrow Nourse at a park. A jury found Cano guilty of two counts of special circumstance first degree murder (§§ 187, subd. (a), 190.3, subd. (a) [multiple murder special circumstance]) and found that Cano personally used a firearm (§ 12022.5). Cano was sentenced to two consecutive life without parole terms plus two years.

---

[1] All further undesignated statutory references are to the Penal Code.

[2] The facts underlying Cano's conviction are from the Court of Appeal opinion affirming his judgment of conviction, *People v. Cano* (Mar. 21, 1995, B033571) [nonpub. opn.]. We grant Cano's motion to take judicial notice of that opinion. (Evid. Code, §§ 451, subd. (a), 452, subd. (a).)

In November 2022, Cano, in propria persona, filed a motion for a *Franklin* hearing and for appointment of counsel. Cano argued that section 3051's exclusion of 18 to 25 year olds sentenced to life without parole violated equal protection and state and federal constitutional bans on cruel and/or unusual punishment. The trial court denied Cano's motion, finding him statutorily ineligible for a *Franklin* hearing. The trial court rejected his equal protection arguments and did not address whether Cano's sentence was cruel and/or unusual punishment.

## DISCUSSION

I.  Equal protection

Over the past two decades, courts have recognized that juveniles (persons under 18) are constitutionally different from adults for sentencing purposes because of juveniles' diminished culpability and greater prospects for reform. (See generally *Miller v. Alabama* (2012) 567 U.S. 460, 471.) Accordingly, the Eighth Amendment prohibits imposing the death penalty on juveniles (*Roper v. Simmons* (2005) 543 U.S. 551), life without parole sentences on juveniles who commit nonhomicide offenses (*Graham v. Florida* (2010) 560 U.S. 48), mandatory life without parole sentences on juveniles (*Miller*, at p. 489), de facto life without parole sentences on juvenile nonhomicide offenders (*People v. Caballero* (2012) 55 Cal.4th 262), and a sentence of 50 years to life for juvenile nonhomicide offenders (*People v. Contreras* (2018) 4 Cal.5th 349, 356).

In light of the judicial recognition of juveniles' lessened culpability and greater prospects for reform, our Legislature enacted section 3051. Section 3051 requires the Board of Parole Hearings to conduct a "youth offender parole hearing" at specified

3

times during the youth's incarceration.  Generally, persons who were younger than 26 years old when they committed their controlling offense are eligible for a youth offender parole hearing if they were sentenced to a determinate term or a life term with the possibility of parole.  (§ 3051, subd. (b).)  Persons sentenced to life without parole are entitled to a hearing if they were younger than 18 years old when they committed the controlling offense.  (§ 3051, subd. (b)(4).)  However, persons sentenced to life without parole who committed their controlling offense when they were 18 or older are ineligible for a youth offender parole hearing.[3]  (§ 3051, subd. (h).)  Further, persons who are eligible for a youth offender parole hearing must have a sufficient opportunity to make a record of information relevant to that eventual hearing.  (*Franklin, supra*, 63 Cal.4th at p. 284.)

Here, Cano was 20 years old when he committed his controlling offense and was sentenced to life without parole; therefore, he was ineligible for a youth offender parole hearing under section 3051.  Although Cano had initially argued on appeal that section 3051 violates equal protection and he is therefore entitled to a *Franklin* hearing, our California Supreme Court in *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*), has resolved the issue against Cano, as he now acknowledges.[4]

---

[3]  Similarly, persons sentenced under the Three Strikes or One Strike laws and offenders who after attaining 26 years of age commit an additional crime for which malice aforethought is an element are ineligible for a youth offender parole hearing.  (§ 3051, subd. (h).)

[4]  In his opening brief on appeal, Cano appeared to argue that section 3051 violates equal protection by (1) excluding young adult offenders sentenced to life without parole from eligibility

4

*Hardin* held that when "plaintiffs challenge laws drawing distinctions between identifiable groups or classes of persons, on the basis that the distinctions drawn are inconsistent with equal protection, courts no longer need to ask at the threshold whether the two groups are similarly situated for purposes of the law in question. The only pertinent inquiry is whether the challenged difference in treatment is adequately justified under the applicable standard of review," which is rational basis review. (*Hardin*, *supra*, 15 Cal.5th at pp. 850–851.) Under rational basis review, courts "consider whether the challenged classification ultimately bears a rational relationship to a legitimate state purpose." (*People v. Chatman* (2018) 4 Cal.5th 277, 289.)

---

while including juvenile offenders sentenced to life without parole, and (2) treating young adult offenders sentenced to life without parole for special circumstance murder differently from young adult offenders serving parole-eligible life sentences for other crimes. In his supplemental brief on appeal, Cano appeared to concede both claims, acknowledging that *Hardin* "foreclose[s] relief . . . in this appeal with respect to his equal protection violation claim." Cano then filed a letter stating that his supplemental brief contained a typographical error, and that he did not intend to concede any equal protection argument regarding young adult offenders and juvenile offenders sentenced to life without parole. To the extent Cano has not conceded that equal protection claim, we agree with those courts finding that age provides a rational basis for the Legislature to distinguish between offenders with the same life without parole sentence. (See, e.g., *People v. Hardin* (2022) 84 Cal.App.5th 273, 285–286, review granted Jan. 11, 2023, S277487, reversed on other grounds by *Hardin*, *supra*, 15 Cal.5th 834; *People v. Sands* (2021) 70 Cal.App.5th 193, 204; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779-780.)

*Hardin* then turned to whether there was a rational basis to exclude persons sentenced to life without parole for a crime committed when they were 18 or older from a youth offender parole hearing.  The court found that while the Legislature's primary purpose in extending section 3051[5] to young adult offenders was to give them the opportunity to obtain release based on growth and rehabilitation, the Legislature balanced this purpose with other concerns about culpability and the appropriate punishment for certain very serious crimes.  (*Hardin, supra,* 15 Cal. 5th at p. 854.)  In "designing section 3051, the Legislature consciously drew lines that altered the parole component of offenders' sentences based not only on the age of the offender (and thus the offender's amenability to rehabilitation) but also on the offense and sentence imposed.  The lines the Legislature drew necessarily reflect a set of legislative judgments about the nature of punishment that is appropriate for the crime." (*Id.* at p. 855.)

*Hardin* rejected the argument that there is no rational basis to distinguish between youthful offenders sentenced to life without parole for special circumstance murder and youthful offenders sentenced either to functionally equivalent life without parole sentences or to indeterminate life terms for first degree murder.[6]  (*Hardin, supra,* 15 Cal.5th at p. 858.)  The court observed that "legions of decisions" hold that "special

---

[5]    As originally enacted, only juveniles were eligible for youth offender parole hearings, but, over the years, the age of eligibility has been raised to 22 and then to 25. (See generally *Hardin, supra,* 15 Cal.5th at pp. 845–846.)

[6]    The *Hardin* defendant, like Cano, was serving a life without parole sentence for special circumstance murder committed when he was over 18 years of age.

circumstance murder is sufficiently serious and morally culpable as to justify imposing the most severe sanctions available under the law, up to and including death." (*Id.* at p. 859.) While the court did not "foreclose the possibility of other challenges to the distinctions drawn by the special circumstances statute based on a more robust record or a more focused as-applied inquiry, Hardin has not carried his burden to demonstrate that legislative reliance on the special circumstance murder statute in section 3051, subdivision (h) is categorically irrational." (*Id.* at p. 862.) The court concluded that Hardin had not shown that the "Legislature's decision to expand youth offender parole hearings to most young adult offenders, while excluding Hardin and others similarly situated, violates equal protection under a rational basis." (*Id.* at p. 866.)

We are bound by *Hardin*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455–456.) Accordingly, we reject Cano's equal protection challenge to section 3051.

## II.    Cruel or unusual punishment

Cano alternatively argues that evolving standards of decency, as exemplified by the expansion of section 3051 to include persons who committed their controlling offense at the age of 25 and younger, have made his life without parole sentence cruel or unusual punishment under the California Constitution.[7] But, as we have said, section 3051 has its genesis in cases concerning *juveniles*. That is, *Miller v. Alabama, supra*, 567 U.S. 460 prohibited mandatory life without parole terms for juveniles. It did not apply to young adults like Cano who were 18 years or older when they committed their crime. (*People v. Acosta, supra*,

---

[7]    Cano does not argue on appeal that his sentence violates the federal Constitution.

7

60 Cal.App.5th at p. 782.) Our Supreme Court and numerous Courts of Appeal have refused to extend *Miller*, as well as *Graham* and *Roper*, to young adults 18 years of age or older. (See, e.g., *People v. Flores* (2020) 9 Cal.5th 371, 429–430 [declining to extend *Roper* to 18-to-20-year-olds]; see *People v. Powell* (2018) 6 Cal.5th 136, 191 [death penalty for 18 year old with "intellectual shortcomings" does not violate federal and state Constitutions]; *People v. Gamache* (2010) 48 Cal.4th 347, 407 ["lengthy confinement under death sentence does not constitute cruel and unusual punishment" or violate federal and state Constitutions]; *In re Williams* (2020) 57 Cal.App.5th 427, 437–438 [life without parole for 21-year old offender not grossly disproportionate to his culpability]; *People v. Argeta* (2012) 210 Cal.App.4th 1478, 1480–1481 [imposing functionally equivalent life without parole sentence on 20 year old not cruel and unusual punishment].) Thus, as *Argeta* observed, a line has been drawn about at what age it is cruel or unusual punishment to impose a life without parole sentence. That line currently stands at 17 years of age (i.e., those persons who are 17 and younger are considered juveniles). Cano was 20 years old when he committed the at-issue crimes and was not a juvenile. Accordingly, his life without parole sentence does not constitute cruel or unusual punishment.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

EGERTON, J.

ADAMS, J.

9