Filed 7/9/24  P. v. Watson CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B328070 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. A950372 |
| SHAYLOR WATSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge. Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION AND BACKGROUND

A jury convicted defendant and appellant Shaylor Watson of robbery and two special circumstance murders, one of which he committed when he was 18 years old.[1] On the murder Watson committed when he was 18 years old, the trial court sentenced him to life without the possibility of parole (LWOP) plus two years in state prison.

In 2022, Watson filed a motion for proceedings preserving evidence under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), in preparation for an eventual youth offender parole hearing under Penal Code section 3051.[2] The trial court denied Watson relief, noting section 3051 facially does not extend to individuals who committed their offenses between the ages of 18 and 25 and received LWOP sentences. In denying relief, the court rejected Watson's argument that section 3051, as currently construed, violates equal protection principles.

Watson timely appealed. On appeal, he renews his argument, raised in the trial court, that by not extending relief to individuals who committed their offenses between the ages of 18 and 25 and received LWOP sentences, while extending relief to individuals who committed their offenses between the ages of 18 and 25 and received life sentences *with* the possibility of parole,

---

[1] The record is missing much of the procedural background surrounding Watson's original convictions. We therefore take judicial notice of our opinion resolving his direct appeal in *People v. Watson* (Jun. 15, 1994, B056452) [nonpub. opn.]. (Evid. Code, § 452, subd. (d).)

[2] All undesignated statutory references are to the Penal Code.

section 3051 offends equal protection. He also renews his argument (raised below but not addressed by the trial court) that the statute, by rendering him ineligible for a youth offender parole hearing, violates state constitutional proscriptions against cruel or unusual punishment. We affirm.

## DISCUSSION

### I. Our Supreme Court recently rejected Watson's equal protection argument

When the parties filed their briefs, reviewing courts were spilt on the equal protection question presented in this case, and the issue was pending before our Supreme Court. (Compare *People v. Hardin* (2022) 84 Cal.App.5th 273, 286-288, 290, review granted January 11, 2023, S277487 [section 3051 violates equal protection because there is no rational basis for disparate treatment between similarly situated young adults with a life without parole sentence and young adults with lesser sentences] with *People v. Jackson* (2021) 61 Cal.App.5th 189, 196-197, 199-200; *People v. Bolanos* (2023) 87 Cal.App.5th 1069, 1079, review granted Apr. 12, 2023, S278803; *People v. Sands* (2021) 70 Cal.App.5th 193, 204-205; *In re Murray* (2021) 68 Cal.App.5th 456, 463-465; *People v. Acosta* (2021) 60 Cal.App.5th 769, 777-781; *People v. Morales* (2021) 67 Cal.App.5th 326, 347-349; *People v. Ngo* (2023) 89 Cal.App.5th 116, 125-127, review granted May 17, 2023, S279458 [section 3051 distinction between young adults with LWOP sentences and young adults with lesser sentences does not violate equal protection].)

Recently, however, our Supreme Court resolved the equal protection question at issue here. (*People v. Hardin* (2024) 15

Cal.5th 834 (*Hardin*).) It agreed with the majority position of appellate court cases, concluding the provision of section 3051, subdivision (h) excluding individuals sentenced to LWOP for crimes committed between ages 18 and 25 from youth offender parole hearing eligibility does *not* violate equal protection. (*Hardin*, *supra*, 15 Cal.5th at pp. 838-839.) Because we are bound to follow the Supreme Court's lead, we reject Watson's argument that section 3051 violates equal protection. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

## II. We reject Watson's cruel or unusual punishment argument

Watson next argues that, by rendering him ineligible for a youth offender parole hearing, section 3051, subdivision (h) violates state constitutional proscriptions against cruel or unusual punishment.[3] We disagree.

In determining whether a sentence constitutes cruel or unusual punishment, the proper inquiry "focuses on whether the punishment is 'grossly disproportionate' to the offense and the offender, or stated another way, whether the punishment is so excessive that it "'shocks the conscience and offends fundamental notions of human dignity.'"" (*In re Palmer* (2021) 10 Cal.5th 959, 972.) When challenging a sentence as being cruel and/or unusual in violation of the federal and California Constitutions, "[a] defendant has a considerable burden to overcome." (*People v.*

---

3      Unlike the federal Constitution, which bans "cruel and unusual punishments" (U.S. Const., 8th Amend.), the California state Constitution bans "[c]ruel or unusual punishment." (Cal Const., art. I, § 17.)

4

*Bestelmeyer* (1985) 166 Cal.App.3d 520, 529.) "The doctrine of separation of powers is firmly entrenched in the law of California and the court should not lightly encroach on matters which are uniquely in the domain of the Legislature." (*Ibid.*) Reviewing courts must always remain "aware that it is the function of the legislative branch to define crimes and prescribe punishment." (*Ibid.*) Because it is the Legislature which determines the appropriate penalty for criminal offenses, "[f]indings of disproportionality have occurred with exquisite rarity in the case law." (*People v. Weddle* (1991) 1 Cal.App.4th 1190, 1196.)

Applying these principles, and having considered case law addressing the issue presented here and other related issues, we conclude Watson's LWOP sentence does not violate state or federal constitutional proscriptions against cruel and/or unusual punishment. Our colleagues' analysis in *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1030-1032 (*Montelongo*) is both instructive and dispositive. In *Montelongo*, after conducting a thorough analysis of relevant case law (which we incorporate by reference), Division Seven of this court concluded an LWOP sentence imposed on a defendant who committed murder when he was 18 years old was not cruel and unusual punishment under the Eighth Amendment. (*Ibid.*) In reaching this holding, the *Montelongo* court noted: "Unless and until the United States Supreme Court, the California Supreme Court, the Legislature, or the voters by initiative change the law, we are bound to apply it." (*Id.* at p. 1032.) Although *Montelongo* only addresses a

5

challenge under the federal constitution, we conclude its analysis likewise applies to the California state proscription against cruel or unusual punishment. We therefore reject Watson's contention that his LWOP sentence is unconstitutionally disproportionate.[4]

---

4       Cf. *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1380 ["'Drawing the line at 18 years of age is subject, of course, to the objections always raised against categorical rules. The qualities that distinguish juveniles from adults do not disappear when an individual turns 18. By the same token, some under 18 have already attained a level of maturity some adults will never reach.' [Citation.] But '[t]he age of 18 is the point where society draws the line for many purposes between childhood and adulthood' [citation], and that is the line the high court has drawn in its Eighth Amendment jurisprudence."]; *People v. Argeta* (2012) 210 Cal.App.4th 1478, 1482 ["'These arguments regarding sentencing have been made in the past, and while '[d]rawing the line at 18 years of age is subject . . . to the objections always raised against categorical rules . . . [, it] is the point where society draws the line for many purposes between childhood and adulthood.' [Citations.] Making an exception for a defendant who committed a crime just five months past his 18th birthday opens the door for the next defendant who is only six months into adulthood. Such arguments would have no logical end, and so a line must be drawn at some point. We respect the line our society has drawn and which the United States Supreme Court has relied on for sentencing purposes, and conclude Argeta's sentence is not cruel and/or unusual . . . ."].

## DISPOSITION

We affirm the trial court's order denying Watson's motion for a *Franklin* hearing.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

CURREY, P. J.

We concur:

COLLINS, J.

MORI, J.