Filed 8/19/24  P. v. Boyd CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>HARRY JACKSON BOYD JR.,<br><br>        Defendant and Appellant. | B328685<br><br>(Los Angeles County<br> Super. Ct. No. MA007943) |

APPEAL from an order of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Viet H. Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION AND BACKGROUND

In 1997, a jury convicted defendant and appellant Harry Jackson Boyd Jr. of two special circumstance murders (Pen. Code, §§ 187, subd. (a), 190.2, subds. (a)(3) & (a)(17)),[1] committed less than a month before defendant's 26th birthday.  The trial court sentenced defendant to two consecutive terms of life imprisonment without the possibility of parole (LWOP).

In 2022, defendant filed a motion requesting a hearing to make a record of mitigating evidence for a future youth offender parole hearing.  (See §§ 1203.01, 3051.)[2]  The court denied the motion, finding the relevant statute excluded individuals, such as defendant, serving LWOP sentences for murders they committed between the ages of 18 and 26.[3]  The court also rejected defendant's equal protection claim based on the separate treatment of juvenile and non-juvenile, youthful offenders sentenced to LWOP.  Defendant timely appealed.

On appeal, defendant contends the trial court erred in denying his motion to make a youth offender parole hearing record.  He argues section 3051 as amended violates his constitutional rights to equal protection and freedom from cruel or unusual punishment.  We affirm.

---

[1]     Subsequent references to statutes are to the Penal Code.

[2]     "A youth offender parole hearing is a hearing by the Board of Parole Hearings for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger, or was under 18 years of age as specified in paragraph (4) of subdivision (b), at the time of the controlling offense."  (§ 3051, subd. (a)(1).)

[3]     "This section shall not apply to cases in which . . . an individual is sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age."  (§ 3051, subd. (h).)

## DISCUSSION

### A.     Equal Protection Claim

As the parties acknowledge in their appellate briefs, at the time defendant filed this appeal (and submitted an opening brief), all but one appellate decision rejected defendant's equal protection challenge.  (See *People v. Ngo* (2023) 89 Cal.App.5th 116, 125–127; *People v. Bolanos* (2023) 87 Cal.App.5th 1069, 1079, review granted Apr. 12, 2023, S278803; *People v. Sands* (2021) 70 Cal.App.5th 193, 204–205 (*Sands*); *In re Murray* (2021) 68 Cal.App.5th 456, 463–465; *People v. Morales* (2021) 67 Cal.App.5th 326, 347–349 (*Morales*); *People v. Jackson* (2021) 61 Cal.App.5th 189, 196–197, 199-200; *People v. Acosta* (2021) 60 Cal.App.5th 769, 777–781 (*Acosta*).)

Defendant contends these opinions were wrongly decided and requests that we rely on *People v. Hardin* (2022) 84 Cal.App.5th 273, review granted January 11, 2023, S277487. There, the appellate court agreed with defendant's premise that no rational basis existed for section 3051's disparate treatment of (1) young adults sentenced to LWOP; and (2) young adults sentenced to parole-eligible life terms.  (*Id.* at pp. 286–288, 290.)

Our Supreme Court recently disapproved of this lone decision, instead adopting the majority position.  (*People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*).  In *Hardin*, the Supreme Court held section 3051's exclusion of young adult offenders sentenced to LWOP from a youth offender parole hearing did *not* violate principles of equal protection.  (*Id.* at pp. 838–839.)  In so ruling, the Supreme Court found a rational basis to disparately treat young adults sentenced to LWOP for committing special circumstances murder.  (See *id.* at p. 859 ["special circumstance[s] murder is sufficiently serious and morally

3

culpable as to justify imposing the most severe sanctions available under the law, up to and including death"].)

Defendant does not dispute we are bound to follow *Hardin* (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), and he concedes all but one of his arguments is barred by that decision. Nevertheless, defendant avers he may pursue an equal protection claim questioning the Legislature's "rational basis to distinguish between young *adults* sentenced to LWOP and *juveniles* sentenced to LWOP, because the Supreme Court, . . . did not consider that issue." (Italics added.) He argues the Supreme Court limited its analysis to the distinction in sentences imposed on young adults, not the distinction in age between juvenile and young adults sentenced to LWOP.

We agree the Supreme Court did not expressly address the separate treatment of juveniles and young adults sentenced to LWOP. The Court declined to address that issue because "Hardin [did] not challenge the Court of Appeal's conclusion on this point." (*Hardin, supra*, 15 Cal.5th at p. 841.) In so noting, the Supreme Court summarized the appellate court's decision "explain[ing] that the Legislature had a rational basis for distinguishing between juvenile offenders and young adult offenders, since a unique set of constitutional rules restricts sentencing children to life without parole." (*Id.* at pp. 840–841, citing *Miller v. Alabama* (2012) 567 U.S. 460.)

Defendant furnishes no argument in response to the Supreme Court's statement or to the principles upon which courts rely to rationally distinguish between children and adults subject to the same sentence (LWOP). (See, e.g., *Morales, supra*, 67 Cal.App.5th at p. 347.) We agree with the weight of authority finding a rational basis for treating juveniles and adults

4

differently. (*Ibid.*; accord, *Sands*, *supra*, 70 Cal.App.5th at p. 204; *Acosta*, *supra*, 60 Cal.App.5th at pp. 779–780 ["The Legislature declined to include young adult LWOP offenders in this amendment, presumably because *Montgomery* [*v. Louisiana* (2016) 577 U.S. __] did not compel such treatment for young adults"].) We reject defendant's equal protection challenge.

## B. Cruel and Unusual Punishment Claim

Defendant next contends that section 3051 violates the state constitutional proscription against cruel or unusual punishment by rendering him ineligible for a youth offender parole hearing. The Attorney General contends defendant forfeited this argument.

We agree defendant forfeited this claim for the failure to raise or discuss it below. (See *People v. Baker* (2018) 20 Cal.App.5th 711, 720 (*Baker*) ["claim that a sentence is cruel or unusual requires a 'fact specific' inquiry and is forfeited if not raised below"]; accord, *People v. Speight* (2014) 227 Cal.App.4th 1229, 1247; *People v. Russell* (2010) 187 Cal.App.4th 981, 993.) We nevertheless exercise our discretion to resolve it. (See *Baker*, *supra*, 20 Cal.App.5th at p. 720; *People v. Em* (2009) 171 Cal.App.4th 964, 971, fn. 5 [appellate court may reach forfeited issue on record presented or in interest of judicial economy]; *People v. DeJesus* (1995) 38 Cal.App.4th 1, 27.)

The Eighth Amendment to the United States Constitution, which applies to the states (*People v. Caballero* (2012) 55 Cal.4th 262, 265, fn. 1), prohibits the infliction of cruel and unusual punishment. (U.S. Const., 8th Amend.) Our state analogue, Article I, section 17 of the California Constitution, prohibits infliction of "[c]ruel *or* unusual" punishment. (Italics added.)

This distinction in wording makes no analytical difference. (*People v. Mantanez* (2002) 98 Cal.App.4th 354, 358, fn. 7.) The touchstone in each is whether a defendant's sentence "'is grossly disproportionate to the severity of the crime.' [Citation.]" (*Ewing v. California* (2003) 538 U.S. 11, 21 (*Ewing*); accord, *People v. Dillon* (1983) 34 Cal.3d 441, 479.)

"'[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare.' [Citation.]" (*Ewing, supra*, 538 U.S. at p. 21.) "There is no question that 'the fixing of prison terms for specific crimes involves a substantive penological judgment that, as a general matter, is "properly within the province of legislatures, not courts."' [Citation.] It is for this reason that when faced with an allegation that a particular sentence amounts to cruel and unusual punishment, '[r]eviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes . . . .' [Citation.]" (*People v. Reyes* (2016) 246 Cal.App.4th 62, 83.) "'Only in the rarest of cases could a court declare that the length of a sentence mandated by the Legislature is unconstitutionally excessive.'" (*Baker, supra*, 20 Cal.App.5th at p. 724.)

Here, defendant concedes his sentences "may not meet the three-part test" for evaluating a cruel or unusual punishment claim. (See *In re Lynch* (1972) 8 Cal.3d 410, 424–427 [courts consider (1) the degree of danger which the offense and offender present to society; (2) punishments prescribed in the same jurisdiction for more serious offenses; and (3) punishments imposed for the same offense in other jurisdictions].) Perhaps that is why defendant declines to address any factor(s) bearing on

his claim.  No discussion is provided on the degree of danger defendant's convictions present to society.  (See *Hardin*, *supra*, 15 Cal.5th at p. 859 [section 190.2 "lists special circumstances that, under California law, mark a first degree murder particularly egregious and thus render the perpetrator eligible for the death penalty, consistent with Eighth Amendment requirements"].)  Nor has defendant compared his sentence to the penalties in this state for more serious crimes or those imposed in other states for the same crime.

Defendant further acknowledges this court's previous decision rejecting the same claim for a defendant who committed murder shortly after his 18th birthday.  (*People v. Argeta* (2012) 210 Cal.App.4th 1478, 1482.)  The court reasoned, ""[W]hile '[d]rawing the line at 18 years of age is subject . . . to the objections always raised against categorical rules . . . [, it] is the point where society draws the line for many purposes between childhood and adulthood.'"  (*Ibid.*, quoting *Roper v. Simmons* (2005) 543 U.S. 551, 554.)  Defendant does not explain why this distinction is inapplicable to section 3051's inclusion of juveniles sentenced to LWOP, and its exclusion of defendants sentenced to the same term for committing special circumstance murder between the ages of 18 and 26.  (See also *Hardin*, *supra*, 15 Cal.5th at p. 854 ["the structure and history of the expansion [of section 3051] make clear that the Legislature sought to balance [comparable opportunities to obtain release] with other, sometimes competing, concerns, including concerns about culpability and the appropriate level of punishment for certain very serious crimes"].)  Absent any reasoned analysis of his claim, we conclude section 3051 did not violate the constitutional limitations on cruel or unusual punishment.

## DISPOSITION

The order denying defendant's motion for a future youth offender parole hearing is affirmed.


MORI, J

We concur:


CURREY, P. J.


ZUKIN, J.