Filed 8/29/24  P. v. Johnson CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B331996 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA030918) |
| v. | |
| LA'MIN JOHNSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Eleanor J. Hunter, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION AND BACKGROUND[1]

In 1999, a jury convicted defendant of numerous crimes, including one count of first degree murder, and found true special circumstance allegations that the murder was committed during the commission of a burglary. Defendant was 23 years old at the time of the murder. He was sentenced to life without the possibility of parole (LWOP), plus 19 years.

In April 2023, defendant filed a motion under Penal Code[2] section 1203.1 for a proceeding under *People v. Franklin* (2016) 63 Cal.4th 261, seeking to make a record of mitigating evidence for a future youth offender parole hearing under section 3051. The trial court denied the motion, finding section 3051 excluded individuals, such as defendant, serving LWOP sentences for offenses committed after reaching 18 years of age.[3] The court also rejected defendant's equal protection claim based on the separate treatment of juvenile and non-juvenile, youthful offenders sentenced to LWOP. The court did not address defendant's contention that section 3051, by rendering him ineligible for a youth offender parole hearing, made his sentence cruel or unusual punishment.

---

[1] We grant defendant's request to take judicial notice of portions of our earlier nonpublished opinion in defendant's case, *People v. La'Min Johnson* (July 11, 2023, B320943). We draw the procedural facts from that prior opinion.

[2] All further statutory references are to the Penal Code, unless otherwise noted.

[3] Section 3051, subdivision (h), provides, "This section shall not apply to cases in which . . . an individual is sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age."

Defendant timely appealed. On appeal, defendant argues section 3051 violates his constitutional rights to equal protection and the prohibition against cruel or unusual punishment under the California Constitution. We affirm.

## DISCUSSION

### A. Section 3051 Does Not Violate Defendant's Constitutional Rights to Equal Protection

When defendant filed his appeal and opening brief, most appellate decisions rejected defendant's equal protection challenge. (See *People v. Ngo* (2023) 89 Cal.App.5th 116, 125–127; *People v. Bolanos* (2023) 87 Cal.App.5th 1069, 1079, review granted Apr. 12, 2023, S278803*; People v. Sands* (2021) 70 Cal.App.5th 193, 204–205 (*Sands*); *In re Murray* (2021) 68 Cal.App.5th 456, 463–465; *People v. Morales* (2021) 67 Cal.App.5th 326, 347–349 (*Morales*); *People v. Jackson* (2021) 61 Cal.App.5th 189, 196–197, 199–200; *People v. Acosta* (2021) 60 Cal.App.5th 769, 777–781 (*Acosta*).) Defendant argues these cases were wrongly decided and requests we follow *People v. Hardin* (2022) 84 Cal.App.5th 273, review granted January 11, 2023, S277487. That case agreed with defendant's contention that no rational basis exists for section 3051's disparate treatment of young adults with a LWOP sentence and young adults with lesser sentences. (*Id.* at pp. 286–288, 290.)

However, our Supreme Court recently disapproved of this lone decision and agreed with the majority position of appellate courts. (*People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*).) *Hardin* held section 3051's exclusion of young adult offenders sentenced to LWOP from a youth offender parole hearing did not violate equal protection. (*Id.* at pp. 838–839.) As stated by the

3

Supreme Court, "It was not irrational for the Legislature to exclude from youth offender parole eligibility those young adults who have committed special circumstance murder" because it is "an offense deemed sufficiently culpable" to merit "society's most stringent sanctions." (*Id.* at p. 864.)

Defendant does not dispute we are bound by *Hardin*. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Nevertheless, he contends "*Hardin* does not foreclose relief" to him "based on a finding that there is no rational basis to distinguish between young adult offenders sentenced to LWOP and juvenile offenders sentenced to LWOP, because the California Supreme Court . . . did not consider that issue."

*Hardin* did not expressly address the separate treatment of young adults and juveniles sentenced to LWOP because "Hardin [did] not challenge the Court of Appeal's conclusion on this point." (*Hardin*, *supra*, 15 Cal.5th at p. 841.) The Supreme Court noted, however, the appellate court rejected this argument and "explained that the Legislature had a rational basis for distinguishing between juvenile offenders and young adult offenders, since a unique set of constitutional rules restricts sentencing children to life without parole." (*Id.* at pp. 840–841, citing *Miller v. Alabama* (2012) 567 U.S. 460.)

Defendant offers no argument addressing the Supreme Court's statement or the principles courts rely on to rationally distinguish between children and adults subject to the same sentence. (See, e.g., *Morales*, *supra*, 67 Cal.App.5th at p. 347.) We agree with the weight of authority finding a rational basis for treating juveniles and adults differently. (*Ibid*.; accord, *Sands*, *supra*, 70 Cal.App.5th at p. 204; *Acosta*, *supra*, 60 Cal.App.5th at pp. 779–780 ["The Legislature declined to include young adult

4

LWOP offenders in this amendment, presumably because *Montgomery* [*v. Louisiana* (2016) 577 U.S. 190] did not compel such treatment for young adults"].)  Accordingly, we reject defendant's equal protection challenge.

**B.      Section 3051 Does Not Render Defendant's LWOP Sentence Cruel or Unusual Punishment**

Defendant does not dispute his LWOP sentence was constitutional when imposed, but he argues section 3051 rendered his sentence cruel or unusual in violation of the California Constitution by making him ineligible for a youth offender parole hearing.  We disagree.

The Eighth Amendment to the United States Constitution, which applies to the states (*People v. Caballero* (2012) 55 Cal.4th 262, 265, fn. 1), prohibits the infliction of cruel and unusual punishment.  (U.S. Const., 8th Amend.)  Our state counterpart, Article I, section 17 of the California Constitution, prohibits infliction of "[c]ruel *or* unusual" punishment.  (Italics added.) This distinction in wording makes no analytical difference. (*People v. Mantanez* (2002) 98 Cal.App.4th 354, 358, fn. 7 ["No distinction need be attached this difference from an analytical perspective"]; see also *People v. Baker* (2018) 20 Cal.App.5th 711, 733 (*Baker*) ["There is considerable overlap in the state and federal approaches"].)  The touchstone in each is whether a defendant's sentence "'is grossly disproportionate to the severity of the crime.'  [Citation.]"  (*Ewing v. California* (2003) 538 U.S. 11, 21 (*Ewing*); accord, *People v. Dillon* (1983) 34 Cal.3d 441, 479.)

"'[O]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have

been exceedingly rare.' [Citation.]" (*Ewing, supra,* 538 U.S. at p. 21.)  "There is no question that 'the fixing of prison terms for specific crimes involves a substantive penological judgment that, as a general matter, is "properly within the province of legislatures, not courts."' [Citation.]  It is for this reason that when faced with an allegation that a particular sentence amounts to cruel and unusual punishment, '[r]eviewing courts . . . should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes . . . .' [Citation.]" (*People v. Reyes* (2016) 246 Cal.App.4th 62, 83.)  "'Only in the rarest of cases could a court declare that the length of a sentence mandated by the Legislature is unconstitutionally excessive.'" (*Baker, supra,* 20 Cal.App.5th at p. 724.)  The sentence must be "so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity." (*In re Lynch* (1972) 8 Cal.3d 410, 424.)  In assessing whether this is the case, courts consider (1) the degree of danger which the offense and offender present to society; (2) punishments prescribed in the same jurisdiction for more serious offenses; and (3) punishments imposed for the same offense in other jurisdictions. (*Id.* at pp. 425–427.)

Here, defendant concedes his LWOP sentence "may not meet the three-part test" for evaluating whether a particular punishment is so disproportionate to the offense committed as to constitute a cruel or unusual punishment.  Indeed, defendant does not address any of the factors.

Moreover, defendant states he is aware this court reached "an arguably contrary conclusion" in *People v. Argeta* (2012) 210 Cal.App.4th 1478, 1482.  In *Argeta,* this court rejected the

6

contention that a defendant's sentence constituted cruel or unusual punishment where the defendant was 18 years and five months old when he committed murder. *Argeta* reasoned, "[W]hile '[d]rawing the line at 18 years of age is subject . . . to the objections always raised against categorical rules . . . [, it] is the point where society draws the line for many purposes between childhood and adulthood.'" (*Ibid.*, quoting *Roper v. Simmons* (2005) 543 U.S. 551, 554.) Defendant contends *Argeta* is not instructive because it was decided before section 3051 was enacted. He asserts the line "has been redrawn, by the Legislature, at 26 years of age." However, after the enactment of section 3051, our Supreme Court reaffirmed the age of 18 as the line our society uses to separate childhood from adulthood for many purposes, including the propriety of criminal punishments, such as the death penalty. (See *People v. Tran* (2022) 13 Cal.5th 1169, 1234 [noting section 3051 did "'not establish the "national consensus" necessary to justify a categorical bar on the death penalty for individuals between the ages of 18 and 21 at the time of their offenses'"].)

Defendant does not otherwise explain why *Argeta's* reasoning is inapplicable to section 3051's inclusion of juveniles sentenced to LWOP and its exclusion of defendants sentenced to the same term for committing a special circumstance murder between the ages of 18 and 26. (See also *Hardin, supra*, 15 Cal.5th at p. 854 ["the structure and history of the expansion [of section 3051] make clear that the Legislature sought to balance [comparable opportunities to obtain release] with other, sometimes competing, concerns, including concerns about culpability and the appropriate level of punishment for certain very serious crimes"].) Therefore, we reject defendant's

contention section 3051 rendered his LWOP sentence cruel or unusual punishment.

## DISPOSITION

The order denying defendant's motion is affirmed.


MORI, J.

We concur:


CURREY, P. J.


ZUKIN, J.

8