Filed 3/23/26  P. v. Brazeal-Nelson CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KASHIUS BRAZEAL-NELSON,<br><br>        Defendant and Appellant. | A172494<br><br>(Solano County<br>Super. Ct. No. FCR346326) |

Kashius Brazeal-Nelson appeals after a jury convicted him of, among other crimes, first degree murder (Pen. Code, §§ 187, subd. (a), 189, subd. (a)) with a robbery-murder special circumstance (§ 190.2, subd. (a)(17)(A)),[1] and the trial court sentenced him to life in prison without the possibility of parole (LWOP).  Brazeal-Nelson was 19 years old when he committed his crimes.  He acknowledges his LWOP sentence renders him statutorily ineligible for youthful offender parole consideration (§ 3051, subd. (h)) but insists his sentence violates his equal protection rights and constitutional prohibitions against cruel and unusual punishment.  We reject Brazeal-Nelson's former claim as foreclosed by binding authority from our Supreme Court, and deem Brazeal-Nelson's latter argument forfeited and meritless.  Accordingly, we affirm.

---

[1] Undesignated statutory references are to the Penal Code.

1

## A.

The Legislature enacted section 3051 to bring juvenile sentencing into conformity with United States and California Supreme Court cases addressing Eighth Amendment limits on juvenile sentencing.  (*People v. Franklin* (2016) 63 Cal.4th 261, 277; *People v. Sands* (2021) 70 Cal.App.5th 193, 197-198 (*Sands*).)  The statute "offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age."  (*People v. Hardin* (2024) 15 Cal.5th 834, 838 (*Hardin*).)  With certain exceptions, people convicted of an offense committed when they were 25 or younger "shall be eligible for release on parole at a youth offender parole hearing" during their 15th, 20th, or 25th year of incarceration, depending on the sentence originally imposed.  (§ 3051, subds. (b)(1)-(3), (h); *Hardin*, at p. 838.)

Several categories of juvenile and young adult offenders are statutorily excluded from eligibility for youth offender parole.  Among them are offenders who, like Brazeal-Nelson, were sentenced to LWOP for an offense committed when they were 18 or older.  (§ 3051, subd. (h); *Hardin, supra,* 15 Cal.5th at pp. 838-839; *Sands, supra*, 70 Cal.App.5th at p. 199.)

## B.

On December 20, 2016, when Brazeal-Nelson was 19 years old, he and his stepbrother robbed a pawn shop in Vallejo.  Three store employees were present—J.P., A.B., and Tim Pult—as well as Pult's dog.  After Brazeal-Nelson and his stepbrother, who were masked and armed with handguns, entered the shop and announced " '[i]t's a hold up,' " Brazeal-Nelson took money from the cash register and then moved Pult, at gunpoint, to a storage area in the back to access open safes.  Pult told the stepbrother,

who stayed with A.B. and J.P., " 'Don't hurt [them]. Take anything you want. I'm fully insured.' "

Brazeal-Nelson's stepbrother pointed his gun at J.P., who was in a wheelchair, and said, " 'I'm going to take him out. You take care of them.' " J.P. obtained an unloaded gun that was kept in the store and pointed it at the stepbrother. The stepbrother shot J.P. in the chest and fled. J.P. was injured but survived. Brazeal-Nelson then shot Pult twice. Pult died as a result.

Brazeal-Nelson also shot at Pult's dog, who had run after his stepbrother. A bullet struck and killed the dog.

## C.

A jury convicted Brazeal-Nelson of the felony murder (§§ 187, subd. (a), 189, subd. (a); count one) of Pult, three counts of second degree robbery (§§ 211, 212.5, subd. (c); counts two-four); and animal cruelty (§ 597, subd. (b); count five).[2] The jury also found true the special circumstance allegation that Brazeal-Nelson murdered Pult while he was committing the crime of robbery (§ 190.2, subd. (a)(17)(A)), as well as enhancement allegations that Brazeal-Nelson had personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)) in committing murder and one robbery count, and personally used a firearm (§§ 1203.06, subd. (a)(1)(B), 12022.53, subd. (b)) in committing the remaining three counts.

Over Brazeal-Nelson's equal protection objection, the trial court sentenced him to LWOP for special circumstance murder plus 29 years and eight months to life on the enhancements and other charges.

---

[2] Brazeal-Nelson was also charged with the attempted murder of J.P. (§§ 187, subd. (a), 664). On the People's motion, the trial court dismissed that charge. Brazeal-Nelson's stepbrother was tried separately.

DISCUSSION

## A.

Brazeal-Nelson contends we must reverse the judgment and remand for resentencing because his LWOP sentence violates the equal protection clause of the federal and state constitutions. We have reviewed his claim de novo (*People v. Morales* (2021) 67 Cal.App.5th 326, 345 [standard of review]) but conclude he is wrong.

Brazeal-Nelson asserts that "[t]here is no rational basis for denying the possibility of parole to those guilty of [special circumstance] felony murder, which requires no intent to kill or consideration of the consequences . . . , while allowing the possibility of parole to those who kill intentionally and deliberately." But our Supreme Court has repeatedly rejected this argument. (See *Hardin, supra,* 15 Cal.5th at p. 839 [rejecting equal protection challenge to section 3051's exclusion of young adult offenders sentenced to LWOP both "on its face" and "as applied [to defendants] who are serving [LWOP] sentences for special circumstance murder"]; *id.* at pp. 858-860; *People v. Taylor* (1990) 52 Cal.3d 719, 747-748; *People v. Anderson* (1987) 43 Cal.3d 1104, 1147 ["[i]t also appears to be generally accepted that a death penalty law that makes the felony murderer but not the simple murderer death-eligible does not violate the equal protection clause"], superseded by statute on other grounds as stated by *People v. Mil* (2012) 53 Cal.4th 400, 408-409.) We are bound by this authority. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 ["[u]nder the doctrine of *stare decisis,* all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction"].)

The *Hardin* court explained: "Under California law, special circumstance murder is a uniquely serious offense, punishable only by death or [LWOP]. When it was considering whether to expand the youth offender parole system to include not only

juvenile offenders but also certain young adults, the Legislature could rationally balance the seriousness of the offender's crimes against the capacity of all young adults for growth, and determine that young adults who have committed certain very serious crimes should remain ineligible for release from prison. Hardin has not demonstrated that the Legislature acted irrationally in declining to grant the possibility of parole to young adult offenders convicted of special circumstance murder, even as it has granted youth offender hearings to young adults convicted of other offenses." (*Hardin, supra*, 15 Cal.5th at p. 839; accord, *id.* at p. 864 ["[i]t was not irrational for the Legislature to exclude from youth offender parole eligibility those young adults who have committed special circumstance murder, an offense deemed sufficiently culpable that it merits society's most stringent sanctions"].)  However, our high court made clear that it was *not* "foreclosing the possibility of other as-applied challenges to the statute." (*Hardin*, at p. 839.)

Brazeal-Nelson urges us to instead follow *People v. Briscoe* (2024) 105 Cal.App.5th 479 (*Briscoe*), which considered an as-applied challenge not foreclosed by *Hardin*.  *Briscoe* held that section 3051, subdivision (h), violated the equal protection clause in "the narrow factual context" that defendant's case presented— where a 21-year-old participant in the underlying felonies of robbery and burglary was sentenced to LWOP for special circumstance murder *under section 190.2, subdivision (d),* which applies to *nonkiller* participants in specified felony offenses. (*Briscoe*, at pp. 485-487, 490.)

The *Briscoe* defendant successfully argued on appeal that section 3051's exclusion of young adult offenders convicted of special circumstance felony murder as nonkillers, under section 190.2, subdivision (d), while including those convicted of nonspecial circumstance first degree felony murder under section 189, subdivision (e)(3), violated equal protection.  (*Briscoe, supra,*

105 Cal.App.5th at pp. 489-490 & fn. 5.) This was because section 3051 makes "an irrational distinction between equally culpable youth offenders seeking parole" despite "[b]oth [section 189, subdivision (e)(3), and section 190.2, subdivision (d)] now requir[ing] a person who is not the actual killer [and] did not have the intent to kill to be a major participant in the underlying felony and act with reckless indifference to human life." (*Briscoe,* at pp. 489-490.) To avoid running afoul of *Hardin*, *Briscoe* expressly limited its holding to "the narrow factual context" it considered. (*Briscoe*, at p. 485; see also *id.* at p. 487 [noting that "*Hardin* forecloses [the defendant's] challenge to section 3051's exclusion of youth special circumstance murderers generally"].)

*Briscoe* is distinguishable because Brazeal-Nelson was Pult's actual killer, not a mere accomplice who did not act with intent to kill. (See *People v. Garcia* (2020) 46 Cal.App.5th 123, 152 ["actual killer is the person who personally kills the victim, whether by shooting, stabbing, or . . . taping his mouth closed, resulting in death by asphyxiation"].)

The *Briscoe* court explicitly acknowledged that a different culpability question is raised when an actual killer is convicted of special circumstance felony murder. (*Briscoe, supra*, 105 Cal.App.5th at pp. 494-495.) As to an actual killer, the felony murder offense *is* distinguishable from the special circumstance. (See *Briscoe,* at pp. 494-495; *People v. Andreasen* (2013) 214 Cal.App.4th 70, 79-82.) "[T]he felony-murder offense is established merely upon a showing that the defendant killed during the commission or attempted commission of the felony, whereas the felony-murder special circumstance requires an additional showing that the intent to commit the felony was independent of the killing." (*Andreasen,* at p. 80; accord, *Briscoe*, at pp. 494-495 [noting "[t]his rule has no application . . . where . . . section 190.2, subdivision (d) offenders were neither the actual killer nor acted with an intent to kill" and thus "does not

6

provide a rational basis to distinguish between offenders convicted under sections 189, subdivision (e)(3) and 190.2, subdivision (d)"].)

Although *Hardin* does not foreclose all as-applied challenges to section 3051 (*Hardin, supra*, 15 Cal.5th at p. 839), the facts of this case are indistinguishable from those presented in *Hardin*. (*Id.* at p. 840 [Hardin robbed and personally killed a neighbor when he was 25 years old and was convicted of first degree murder with a robbery-murder special circumstance].)

Nor are we persuaded to reach a different conclusion by Brazeal-Nelson's reliance on excerpts from dissenting opinions in *Hardin*. A dissenting opinion cannot overrule a majority opinion or bind us. (See *People v. Panighetti* (2023) 95 Cal.App.5th 978, 1001 ["[d]issenting opinions, of course, are not binding and have ' "no function except to express the private view of the dissenter" ' "]; *Doe v. Google, Inc.* (2020) 54 Cal.App.5th 948, 967, fn. 4 ["no dissenting opinion has the power to overrule precedent"].) The trial court did not err in overruling Brazeal-Nelson's equal protection objection.

**B.**

Brazeal-Nelson also argues that his LWOP sentence violates constitutional protections against cruel and unusual punishment. (U.S. Const., 8th Amend.; Cal. Const., art. I, § 17.) He maintains his sentence is unconstitutionally disproportionate to his culpability and rehabilitative potential because the sentencing court did not consider the mitigating qualities of youth—which must be taken into account when sentencing *juvenile* murderers. (See *Miller v. Alabama* (2012) 567 U.S. 460, 477-481, 489 (*Miller*) [sentencing court must consider juvenile offender's youth and its attendant characteristics before imposing LWOP].) He is wrong.

7

Brazeal-Nelson forfeited this claim by failing to raise it at sentencing. (See *People v. Baker* (2018) 20 Cal.App.5th 711, 720 (*Baker*) ["claim that a sentence is cruel or unusual requires a 'fact specific' inquiry and is forfeited if not raised below"]; *People v. Speight* (2014) 227 Cal.App.4th 1229, 1247 [failure to contemporaneously object that sentence constituted cruel or unusual punishment forfeits claim on appeal].)

In any event, we agree with the courts that have rejected similar attempts to extend *Miller* to young adults. (*People v. Tran* (2022) 13 Cal.5th 1169, 1234-1235 [imposing death penalty on offenders who were 18 to 20 years old when crimes committed is not cruel and unusual punishment]; *Sands, supra*, 70 Cal.App.5th at p. 204 [LWOP sentence "does not violate the Eighth Amendment when imposed on an adult, even an adult under the age of 26"]; *People v. Acosta* (2021) 60 Cal.App.5th 769, 781-782; *In re Williams* (2020) 57 Cal.App.5th 427, 439 ["[i]f the Eighth Amendment does not prohibit a sentence of death for 21 year olds, then most assuredly, it does not prohibit the lesser LWOP sentence"]; *People v. Abundio* (2013) 221 Cal.App.4th 1211, 1220-1221; *People v. Argeta* (2012) 210 Cal.App.4th 1478, 1482 ["[w]e respect the line our society has drawn [at 18 years old] and which the United States Supreme Court has relied on for sentencing purposes, and conclude [young adult offender']s sentence is not cruel and/or unusual"].)

A punishment is cruel or unusual, under the California Constitution, if " 'it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity.' " (*People v. Dillon* (1983) 34 Cal.3d 441, 478, superseded by statute on other grounds as stated by *People v. Chun* (2009) 45 Cal.4th 1172, 1186; *In re Lynch* (1972) 8 Cal.3d 410, 424.) The Eighth Amendment prohibits only sentences that are grossly disproportionate to an individual's crime. (*Ewing v. California* (2003) 538 U.S. 11, 21;

8

*Baker, supra,* 20 Cal.App.5th at pp. 723, 732.) This limitation "will rarely apply to those serious offenses and offenders currently subject by statute to life-maximum imprisonment." (*In re Dannenberg* (2005) 34 Cal.4th 1061, 1071; see also *Ewing*, at p. 21 [" '[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare' "].) It does not apply here. Even assuming Brazeal-Nelson's age when he robbed three people and murdered one diminished his culpability to *some* extent, his sentence is not "grossly disproportionate" to those egregious crimes. Nor does it shock the conscience. (See *In re Williams, supra*, 57 Cal.App.5th at pp. 438-439.)

Finally, Brazeal-Nelson asserts (without cogent legal argument or authority) that imposing mandatory LWOP sentences is "cruel and unusual under the Racial Justice Act" (RJA; § 745) considering a legislative committee report that 79 percent of those serving LWOP sentences are people of color and 38 percent are Black youths under age 26. This contention, too, is forfeited.

First, it is not this court's role to construct a legal theory linking these statistics to a constitutional or RJA violation. (See § 745, subd. (a)(3) [RJA violation established if defendant proves "[t]he defendant was charged or convicted of a more serious offense than defendants of other races, ethnicities, or national origins who have engaged in *similar conduct and are similarly situated*, and the evidence establishes that the prosecution more frequently sought or obtained convictions for more serious offenses against people who share the defendant's race, ethnicity, or national origin in the *county* where the convictions were sought or obtained"], italics added; *People v. Stanley* (1995) 10 Cal.4th 764, 793 [reviewing courts may disregard points missing cogent legal argument]; *Public Employment Relations Bd. v. Bellflower Unified School Dist.* (2018) 29 Cal.App.5th 927, 939

9

[" ' "absence of cogent legal argument or citation to authority allows this court to treat the contention as waived" ' "].)

Second, both Eighth Amendment and RJA claims are forfeited when, as is the case here, they are not first raised in the trial court. (See *Baker, supra*, 20 Cal.App.5th at p. 720; *People v. Lashon* (2024) 98 Cal.App.5th 804, 812 ["our review of a section 745 claim, like any other appellate claim, is subject to the general appellate rules of preservation and forfeiture of claims that could have been but were not made in the trial court"]; *People v. Quintero* (2024) 107 Cal.App.5th 1060, 1076-1077.)

In his reply brief, Brazeal-Nelson cites *In re Sheena K.* (2007) 40 Cal.4th 875 and asks us to exercise our discretion to disregard his forfeiture because he purports to raise only a pure question of law. He is wrong. His citation to news articles and websites outside of the appellate record—as well as his conclusory request (made without a noticed motion) to have us "stay the appeal and remand . . . to further develop the statistical data necessary to establish such a violation"—shows as much. We need not address Brazeal-Nelson's ineffective assistance of counsel argument because he forfeited that argument by waiting to raise it for the first time in his reply brief. (See *Julian v. Hartford Underwriters Ins. Co.* (2005) 35 Cal.4th 747, 761, fn. 4 [arguments raised for the first time in reply brief are forfeited].)

## DISPOSITION

The judgment is affirmed.

                                                                    BURNS, J.

WE CONCUR:


JACKSON, P. J.
CHOU, J.

*People v. Brazeal-Nelson* (A172494)

11